**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **MICHAEL TECKU; DAVID FINKELSTEIN; AND LAWRENCE TJOK, individually and on behalf of all others similarly situated,** | **1:20-cv-07327 (VM)** |
| **Plaintiffs,** | **PROTECTIVE ORDER** |
| **-against-** | |
| **YIELDSTREET INC.; YIELDSTREET MANAGEMENT, LLC; YS ALTNOTES I, LLC; YS ALTNOTES II, LLC; AND MICHAEL WEISZ,** | |
| **Defendants.** | |

**VICTOR MARRERO, United States District Judge:**

WHEREAS, all the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order (the "Protective Order") pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case; and

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment; and

WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action.

IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1

1.    Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "Confidential" (hereinafter "Confidential Discovery Material") or "Highly Confidential – Attorneys' Eyes Only" (hereinafter "Highly Confidential Discovery Material," and together with Confidential Discovery Material, "Designated Discovery Material") pursuant to the terms of this Protective Order shall not disclose such Discovery Material to anyone else except as expressly permitted hereunder.

2.    The person producing any given Discovery Material may designate as Confidential only such portion of such material the public disclosure of which either is restricted by law or will cause harm to the business, commercial, financial or personal interests of the producing person and/or a third party to whom a duty of confidentiality is owed and that consists of:

(a)    previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

(b)    previously nondisclosed information relating to ownership or control of any non-public company;

(c)    previously nondisclosed sensitive commercial information relating to any Party's business including, but not limited to, tax data; proposed strategic transactions or other business combinations; internal audit practices, procedures and outcomes; trade secrets; marketing plans and strategies; studies or analyses by internal or outside experts; competitive analyses; customer or prospective customer lists and information; product or service pricing or billing agreements or guidelines; and/or confidential project-related information; or any information of a personal or intimate nature regarding any individual, including but not limited to account information and/or other sensitive PII (as defined *infra*) or other information the individual is under a duty to preserve as confidential; or

(d)    any other category of information hereinafter given confidential status by the Court.

3.    The person producing any given Discovery Material may designate as "Highly Confidential – Attorneys' Eyes Only" only Confidential Information that contains highly sensitive business or personal information that a Party believes is so sensitive that its dissemination deserves even further limitation and that contains:

(a)    sensitive individual personal data regarding borrowers, prospective borrowers, investors, or prospective investors that (i) is non-public, and (ii) does not relate to any of the allegations in the Action;

(b)    confidential and proprietary information, current or prospective business plans, market analysis, or internal strategy or proprietary planning processes; or

2

(c)     confidential and proprietary financial models that are not generally known or available to the public and that derive economic value from not being generally known or available to the public.

4.     With respect to the Confidential or Highly Confidential – Attorneys' Eyes Only portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility.

5.     With respect to deposition transcripts, a producing person or that person's counsel may designate such portion as Confidential or Highly Confidential – Attorneys' Eyes Only either by (a) indicating on the record during the deposition that a question calls for Confidential or Highly Confidential – Attorneys' Eyes Only information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order" or "Highly Confidential – Attorneys' Eyes Only Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential or Highly Confidential – Attorneys' Eyes Only, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing person or that person's counsel by the reporter. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential.

6.     If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that she, he or it previously had produced without limitation should be designated as Confidential or Highly Confidential – Attorneys' Eyes Only, she, he or it may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material thereafter will be deemed to be and treated as Confidential or Highly Confidential – Attorneys' Eyes Only under the terms of this Protective Order.

7.     No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to the following parties to the extent necessary to the litigation of this action:

(a)     the Parties to this action, their insurers, and counsel to their insurers;

(b)     counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c)     in-house counsel and legal assistants and other support personnel assisting in-house counsel in this action;

(d)     outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services)

that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e)     any mediator or arbitrator who the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f)     as to any document, its author, its addressee and any other person indicated on the face of the document as having received a copy;

(g)     any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h)     stenographers engaged to transcribe depositions conducted in this action;

(i)     this Court, including any appellate court, and the court reporters and support personnel for the same; and

(j)     any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto.

8.     Highly Confidential – Attorneys' Eyes Only Information, except with the prior consent of the Producing Person or order of the Court, may be disclosed only to persons falling within categories (b) through (i) in Paragraph 7 above, and only to the extent necessary to the litigation of this action.

9.     Prior to any disclosure of any Designated Discovery Material to any person referred to in subparagraphs 6(d), 6(e), 6(g), or 6(j) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

10.     Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court.

11.     A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. The receiving Party subject to such obligation shall promptly inform the third party of the request and that the third party may seek a protective order or other relief from this Court. If neither the third party nor the receiving Party seeks a protective order or other relief from this Court within 21 days of that notice, the receiving Party shall produce the information responsive to the discovery request but may affix the appropriate controlling designation.

12. Recipients of Discovery Material may use such material solely for the prosecution and defense of this action and any appeals thereto, and specifically (and by way of example and not limitations) may not use Discovery Material for any business, commercial or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

13. Nothing in this Protective Order will prevent any person subject to it from producing any Designated Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction; provided, however, that such person receiving a request, will provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

14. All persons seeking to file redacted documents or documents under seal with the Court shall follow Section I(H) of Judge Marrero's Individual Practices. The Parties shall use their best efforts to minimize such sealing.

15. All persons understand that the Court may not seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Confidential or Highly Confidential – Attorneys' Eyes Only.

16. Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Designated Discovery Material itself, and not text that in no material way reveals the Designated Discovery Material.

17. Each person who has access to Discovery Material that has been designated as Confidential or Highly Confidential – Attorneys' Eyes Only shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

18. Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he or it immediately shall notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

19. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material and all copies thereof to the extent reasonably practicable, shall be promptly returned to the producing person, or, upon permission of the producing

person, destroyed.

20.     All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED:

| | |
|---|---|
| By:    */s/ Daniel B. Centner*<br>Daniel B. Centner, Esq.<br>**PEIFFER WOLF CARR KANE**<br>**CONWAY & WISE, LLP**<br>Joseph Peiffer (will seek PHV admission)<br>Daniel Centner<br>1519 Robert C. Blakes Sr. Drive<br>New Orleans, LA 70130<br>Telephone: (504) 523-2434<br>Facsimile: (504) 608-1465<br>jpeiffer@peifferwolf.com<br>dcentner@peifferwolf.com<br><br>Jason J. Kane<br>95 Allens Creek Bldg. 1, Ste. 150<br>Rochester, NY 14618<br>Telephone: (585) 310-5140<br>Facsimile: (504) 608-1465<br>jkane@peifferwolf.com<br><br>**SONN LAW GROUP, P.A.**<br>Jeffrey R. Sonn, Esq. (admitted PHV)<br>Adolfo J. Anzola, Esq.<br>Brian B. Pastor, Esq. (*will seek PHV admission*)<br>One Turnberry Place<br>19495 Biscayne Blvd., Suite 607<br>Aventura, FL 33180<br>Telephone: (305) 912-3000<br>Facsimile: (786) 485-1501<br>jsonn@sonnlaw.com<br>aanzola@sonnlaw.com<br>bpastor@sonnlaw.com<br>service@sonnlaw.com<br><br>*Attorneys for Plaintiffs Michael Tecku, David Finkelstein, Lawrence Tjok, and the Proposed Class* | By: */s/ Jonathan A. Shapiro*<br>Jonathan A. Shapiro<br>**GOODWIN PROCTER LLP**<br>Jonathan A. Shapiro (*pro hac vice*)<br>Three Embarcadero Center, Suite 2800<br>San Francisco, CA 94111<br>415-733-6202<br>JShapiro@goodwinlaw.com<br><br>**GOODWIN PROCTER LLP**<br>Robert Tiefenbrun<br>601 S. Figueroa Street, Suite 4100<br>Los Angeles, CA 90017<br>213-426-2500<br>RTiefenbrun@goodwinlaw.com<br><br>**BAKER BOTTS LLP**<br>Brendan F. Quigley<br>30 Rockefeller Plaza<br>New York, New York 10112<br>212-408-2551<br>brendan.quigley@bakerbotts.com<br><br><br>*Counsel for Defendants Yieldstreet Inc.; Yieldstreet Management, LLC; YS Altnotes I, LLC; YS Altnotes II, LLC; and Michael Weisz* |

**Notice of Consent**

Pursuant to Rule 8.5 of this District's Electronic Case Filing Rules & Instructions, consent to file has been obtained from all parties whose electronic signatures are listed above.

*/s/ Jonathan A. Shapiro*
Jonathan A. Shapiro

SO ORDERED:

Victor Marrero
U.S.D.J.

Dated:   September 22, 2022

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MICHAEL TECKU; DAVID FINKELSTEIN; AND LAWRENCE TJOK, individually and on behalf of all others similarly situated,** | **1:20-cv-07327 (VM)** |
| **Plaintiffs,** | **EXHIBIT TO PROTECTIVE ORDER** |
| **-against-** | |
| **YIELDSTREET INC.; YIELDSTREET MANAGEMENT, LLC; YS ALTNOTES I, LLC; YS ALTNOTES II, LLC; AND MICHAEL WEISZ,** | |
| **Defendants.** | |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential – Attorneys' Eyes Only. I agree that I will not disclose such Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____          _____

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system on September 21,

2022, was sent electronically to the registered participants as identified on the Notice of

Electronic Filing (NEF).


*/s/ Jonathan A. Shapiro*