USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/22/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Michael Tecku et al.,

           Plaintiffs,

-against-

YieldStreet Inc. et al.,

           Defendants.

1:20-cv-07327 (VM) (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

      Pending before the Court is Plaintiffs' Letter Motion to compel the production of certain documents by Defendants. (Pls.' 12/17/23 Ltr. Mot., ECF No. 116.) The Court carefully has considered the parties' submissions in connection with the Letter Motion. (*See id.*; Ltr. Response, ECF No. 120; Ltr. Reply, ECF No. 121.) Based upon the Court's familiarity with the issues in this case, and applying principles of relevance and proportionality, Plaintiffs' Letter Motion is GRANTED IN PART and DENIED IN PART, as follows:

    1.    No later than January 5, 2024, Defendants shall produce to Plaintiffs, in response to Request Nos. 28 and 34, to the extent not already produced, documents concerning the specific offerings identified in the Corrected Amended Class Action Complaint (ECF No. 51), including the rideshare fleet expansion fund (*see* ¶¶ 7, 63, 75) and the "Post War & Contemporary Art" portfolio (*see* ¶¶ 136-37, 139, 141). To the extent Plaintiffs seeks discovery regarding other defaults prior to the offerings at issue that could arguably be considered as additional principal losses, the Court agrees with Defendants that the request as currently written is overbroad and not proportional. However, the Court finds that production of

      documents regarding a more limited set of offerings may be warranted. For example, in their Letter Motion, Plaintiffs refer to offerings identified in spreadsheets produced by Defendants (12/17/23 Ltr. Mot. at 2) and, in their reply, indicate a willingness to limit the request to documents concerning "material/substantial defaults—*e.g.*, those defaults that lasted over 90 days, where formal legal notice was provided, etc." (Ltr. Reply at 2.) Accordingly, the parties shall continue to meet and confer to limit the offerings subject to Request No. 28 (and, as appropriate, to Request No. 34) and, if they cannot agree, shall file a joint letter regarding their respective positions no later than January 5, 2024.

2. The Court denies without prejudice Plaintiffs' motion to compel with respect to Request Nos. 12 and 35. The Court acknowledges and accepts Defendants' representations that YieldStreet has no generic or generally applicable due diligence guidelines relating to its offerings (as opposed to due diligence guidelines pertaining to other specific investments) and that YieldStreet had no policies in place concerning when investor disclosure was triggered by a borrower default.[1] No later than December 29, 2023, Defendants shall advise Plaintiffs in writing (1) whether Defendants maintain any general underwriting or diligence guidelines, and whether Defendants maintain any policies or procedures concerning the determination of principal loss, and (2) if so, whether Defendants agree to produce such guidelines, policies or procedures. If Defendants maintain

---

[1] The Court is entitled to rely upon representations by counsel. *See Greer v. Carlson*, No. 20-CV-05484 (LTS) (SDA), 2020 WL 7028922, at *3 (S.D.N.Y. Nov. 29, 2020) ("[C]ourts often rely upon statements made by counsel." (citing cases)).

any such guidelines, policies or procedures, and refuse to produce them, then no later than January 5, 2024, Plaintiffs may renew their motion to compel with respect to Request Nos. 12 and 35.

**SO ORDERED.**

DATED:  New York, New York
        December 22, 2023

_____
STEWART D. AARON
United States Magistrate Judge