# Exhibit 1

# Stipulation and Agreement of Settlement and Release

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (the "Stipulation"), dated as of October 25, 2024, is made and entered into by and among Lawrence Tjok, individually and on behalf of the Settlement Class as defined below, on the one hand, and Yieldstreet, Inc.; Yieldstreet Management, LLC; YS ALTNOTES I; YS ALTNOTES II; and Michael Weisz, on the other hand, by and through their counsel of record in the Action. Collectively, Yieldstreet, Inc.; Yieldstreet Management, LLC; YS ALTNOTES I; YS ALTNOTES II; and their affiliates are referred to as "Yieldstreet," and all of the above-listed parties are referred to herein as "Parties." The Stipulation is intended to fully, finally, and forever resolve, discharge, and settle the Action and the Released Claims, subject to the approval of the Court and the terms and conditions set forth in this Stipulation.

### <u>RECITALS</u>:

(a)    On September 9, 2020, the proposed class action captioned *Michael Tecku, et al. v. Yieldstreet, Inc.*, *et al.,* No. 1:20-CV-07327, was filed, as later amended, against Defendants Yieldstreet, Inc.; Yieldstreet Management, LLC; YS ALTNOTES I; YS ALTNOTES II, and Michael Weisz (collectively, "Defendants"), in the United States District Court for the Southern District of New York (the "Action");

(b)    On June 11, 2024, the Parties participated in a mediation conducted by Jed D. Melnick of JAMS in New York, New York, which was followed by weeks of extensive further negotiations under the supervision of Mr. Melnick;

(c)    The Parties now wish to settle all claims that have been brought or could have been brought in the Action;

(d)     Mr. Tjok, in his capacity as the Class Representative as defined herein, believes that the claims against the Defendants have substantial merit;

(e)     Defendants believe that the remaining claims against them lack merit and, although they expect they ultimately would prevail in the Action, they have agreed to settle as a pragmatic decision to avoid the delay, expense, and risk of continued litigation;

(f)     The Class Representative and Settlement Class Counsel as defined herein believe that the settlement is fair, adequate, and in the best interests of the Settlement Class, and that it is reasonable to pursue court approval of this Stipulation based upon the terms and procedures outlined herein; and

(g)     There has been no admission or finding of facts or liability by or against any of the Parties, and nothing herein should be construed as such.

**NOW, THEREFORE,** in consideration of the covenants, agreements, and releases set forth herein and for other good and valuable consideration, it is hereby agreed by and among the Parties that, subject to the approval of the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure, the claims in the Action and the Released Claims, as between the Class Representative, the Settlement Class, the Releasing Class Members, the Defendants, and the Released Defendant Parties, be forever resolved, settled, compromised, and dismissed with prejudice on the following terms and conditions:

## I.     DEFINITIONS

Capitalized terms not defined elsewhere in this Stipulation shall have the following meanings:

(a)     "**Administration of the Settlement**" shall have the meaning assigned to it in paragraph 29.

(b)     "**Claims Administrator**" means    EisnerAmper Advisory Group LLC dba EisnerAmper which is currently designated by Settlement Class Counsel to administer the Settlement subject to the approval of the District Court.

(c)     **"Class Representative"** means Lawrence Tjok, individually and on behalf of the Settlement Class.

(d)     **"Defendants' Counsel"** means Jonathan Shapiro of Goodwin Procter LLP and Brendan Quigley of Baker Botts LLP.

(e)     **"District Court"** means the United States District Court for the Southern District of New York.

(f)     **"Effective Date,"** or the date upon which this Settlement becomes "Effective," means the first date by which all of the events and conditions specified in Paragraph 39 of the Stipulation have been met and have occurred or have been waived.

(g)     "**Escrow Account**" means the separate interest-bearing Qualified Settlement Fund ("QSF"), to be held by the Escrow Agent which shall be held in escrow account(s) at a federally insured banking institution designated by Settlement Class Counsel into which the Settlement Amount is to be deposited and invested for the benefit of the Settlement Class. The Escrow Account shall be managed by the Escrow Agent, subject to the Court's supervisory authority, for the benefit of Plaintiffs and the Settlement Class in accordance with the terms of this Stipulation, the Escrow Custody Agreement, and any order of the Court.

(h)     "**Escrow Agent**" means Huntington Bank, subject to approval by the District Court.

(i)     **"Excluded Matters"** means all contractual rights, claims or defenses arising after the Effective Date and created under any of the Offering Documents, including but not limited to, any rights to principal, interest, and all other amounts payable in accordance with the terms of the Offering Documents. Excluded Matters shall also encompass those contractual or other rights of Settlement Class Members that relate to their ownership of Yieldstreet investments other than the YS Class Funds.

(j)     "**Fee and Expense Application**" means an application filed by Settlement Class Counsel for attorneys' fees and reimbursement of expenses in connection with their work on the Action.

(k)     "**Final Approval Order**" means an order entered by the District Court fully and finally approving the Settlement under Federal Rules of Civil Procedure ("FRCP") Rule 23(e) and entering the Final Judgment.

(l)     "**Final Judgment**" means a final judgment entered by the District Court in the form of or consistent in all material respects with Exhibit B hereto.

(m)     **"Forgiven Fees"** means those unpaid and/or outstanding management or professional fees due and owing to Defendants (including any subsidiaries or affiliates thereof), to any YS Class Fund in accordance with Offering Documents, up to a maximum amount of $2,750,000.  The Forgiven Fees shall be allocated to each of the YS Class Funds on a pro rata basis, such that $1,750,815.02 shall be allocated to Vessel Deconstruction I, $640,511.17 shall be allocated to Vessel Deconstruction III, and $358,673.81 shall be allocated to Louisiana Oil & Gas.

(n)     "**Gross Settlement Fund**" means the Settlement Amount, including all earnings and interest accrued with respect to the Settlement Amount (if any) while it is held in the Escrow Account.

(o)     "**Net Settlement Fund**" means the balance of the Gross Settlement Fund available to be distributed to the Settlement Class after subtracting the dollar amounts paid or owing in connection with the Settlement, as set forth in this Stipulation, including amounts for the payment of: (1) any and all taxes due to state or governmental authorities as a result of the establishment and distribution of the Gross Settlement Fund; (2) any and all costs incurred in connection with any Notice and Administration Expenses, including all fees and costs paid or owing to the Claims Administrator; (3) any and all costs of maintaining the Escrow Account, including all fees and costs paid or owing to the Escrow Agent; (4) any Fee and Expense Application(s) as approved by the District Court; and (5) any service award to the Class Representative.

(p)     "**Notice**" means the "Notice of Pendency and Proposed Settlement of Class Action," substantially in the form of Exhibit 1 to Exhibit A attached hereto, which is to be sent to the Settlement Class, subject to the approval of the District Court.

(q)     "**Notice and Administration Expenses**" means actual notice and administration expenses, including reasonable costs and expenses actually incurred with providing notice of the Settlement to the Settlement Class by mail, email, or other means, locating potential Settlement Class Members, assisting with the processing of Claims, administering the Settlement, and paying escrow taxes, fees, and costs, if any.

(r)     **"Offering Documents"** means the documents, disclosures and other information provided to potential and actual investors in connection with the YS Class Funds, including without limitation: the Subscription Agreement executed between investors and Yieldstreet, the Private Placement Memorandum, Indenture, Series Note Supplements, Form of Borrower Payment Dependent Note ("BPDN"), summaries and descriptions of investment opportunities, investor statements, communications, operating agreements, tax and other materials.

(s)     **"Person"** means an individual, corporation (including all divisions and subsidiaries), partnership, limited partnership, limited liability partnership, limited liability corporation, limited liability company, professional corporation, joint venture, fund, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and all of their respective spouses, heirs, beneficiaries, trustees, transferees, executors, administrators, predecessors, successors, representatives, or assignees.

(t)     **"Plan of Allocation"** means the plan to distribute the portion of the Net Settlement Fund to each participating Settlement Class Member, as approved by the District Court.  Neither Defendants nor the Released Defendant Parties shall have any responsibility, obligation, or liability with respect to the Plan of Allocation described in the Preliminary Approval Order or any modification thereof, except to the extent of providing current contact information of Settlement Class Members in accordance with Paragraph 29.

(u)     "**Preliminary Approval Order**" means the order preliminarily approving the Settlement and directing notice to the Class of the pendency of the Action and of the Settlement, to be entered by the District Court, substantially in the form of Exhibit A attached hereto.

(v)     "**Released Claims**" means, to the fullest extent that the law permits their release, all past, present, and future claims of any nature whatsoever in any way relating to the Action or the YS Class Funds, including without limitation all claims, suits, actions, allegations, damages (including, without limitation, compensatory, punitive, exemplary, rescissory, direct, consequential or special damages, and restitution and disgorgement), liabilities, causes of action, complaints, lawsuits, responsibilities, demands, controversies, arguments, principal, interest, sums of money, contracts, agreements, judgments, matters, issues, promises, rights, debts, penalties, costs, expenses, fees, injunctive relief, attorney's fees, expert or consulting fees, prejudgment interest, indemnities, duties, liabilities, losses, and obligations of any kind, known or unknown, foreseen or unforeseen, whether or not concealed or hidden, disclosed or undisclosed, suspected or unsuspected, discoverable or undiscoverable, asserted or unasserted, existing or contingent, direct or indirect, anticipated or unanticipated, matured or unmatured, liquidated or unliquidated, accrued or unaccrued, asserted or that could have been asserted by, or on behalf of, for the benefit of, or in the name of the Settlement Class Members, whether representative, class, or individual, whether legal, contractual, rescissory, statutory, or equitable in nature, whether arising under federal, state, common or foreign law, that now exist or have ever existed from the beginning of time until the Effective

STIPULATION AND AGREEMENT OF SETTLEMENT - PAGE 7

Date of the Settlement against the Released Defendant Parties, or any of them, that are based upon, arise out of, or are related in any way to (1) investments made in the YS Class Funds; (2) any action, inaction, or omission related in any way to the YS Class Funds; or (3) the settlement or resolution of the Action, other than claims to enforce the Settlement. Provided, however, that Released Claims do not include Excluded Matters.

(w)     "**Released Defendants' Claims**" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, against the Class Representative, any Settlement Class Member, and/or Settlement Class Counsel that arise out of or relate in any way to the institution, prosecution, or settlement of the claims regarding the YS Class Funds against Defendants in the Action, other than claims to enforce the Settlement. Provided, however, that Released Defendants' Claims do not include Excluded Matters.

(x)     "**Released Defendant Parties**" mean any or all of Defendants and/or any or all of their related parties, including, without limitation, any and all of their current, past, present, or future parents, subsidiaries, affiliates, predecessors, successors, assigns, divisions, funds, joint ventures, and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, members, controlling shareholders, contractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, banks or investment bankers, commercial bankers, financial or investment advisors, consultants, advisors, underwriters, insurers, co-insurers, reinsurers in their capacities as such, as well as each of the

Defendants' immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors, legatees, devisees, administrators, spouses, receivers and trustees, settlors, auditors, accountants, and assigns, as well as any trust of which any of the Defendants is the settlor or which is for the benefit of any of the Defendants and/or member(s) of his family, and any person, partnership, firm, trust, corporation, limited liability corporation, limited liability company, officer, director, or other individual or entity in which any of the Defendants has a controlling interest or which is related to or affiliated with any of the Defendants.

(y)     "**Releasing Class Members**" means the Class Representative, the Settlement Class, and Settlement Class Counsel, and each of their respective past or present trustees, beneficiaries of trusts, executors, administrators, officers, directors, partners, members, employees, contractors, auditors, accountants, advisors (including financial advisors or consultants), principals, agents, attorneys, associates, predecessors, successors, assigns, representatives, affiliates, joint ventures, funds, shareholders, underwriters, insurers, personal or legal representatives, estates, financial advisors or consultants, banks or investment bankers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Releasing Class Member who is an individual, as well as any trust of which any Releasing Class Member is the settlor or which is for the benefit of any of their immediate family members in their capacities as such. Releasing Class Members do not include any Person who would otherwise be a

Settlement Class Member but who validly and timely requests exclusion from the Settlement Class.

(z)     "**Settlement**" means the settlement contemplated by this Stipulation.

(aa)    "**Settlement Amount**" means a cash payment of $6,200,000 USD (SIX MILLION TWO HUNDRED THOUSAND DOLLARS), plus the amount of any Forgiven Fees that are also included as part of the consideration for the Settlement. The Settlement Amount will be non-recapture, and there will be no reversion of the Settlement Amount to the Defendants, *i.e.*, it is not a claims-made settlement. No further payment on behalf of Defendants shall be made, including in respect of any Notice and Administration Expenses, any attorneys' fees and expenses to Plaintiffs' Counsel and awards to Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) (as allowed by the Court), any Settlement Class Member benefits, and any other costs, expenses, or fees of any kind whatsoever associated with the Settlement except for Class Action Fairness Act, 28 U.S. Code § 1715 ("CAFA") notice expense which shall be solely paid by Defendant. Under no circumstance shall any Defendant have any obligation to pay any additional amount beyond the Settlement Amount, except for CAFA notice expense which shall be solely paid by Defendant.

(bb)    "**Settlement Class**" means the class consisting of all Persons ("Settlement Class Members") who purchased a Borrower Payment Dependent Note ("BPDN") in connection with the YS Class Funds, excluding Defendants, any entities in which Defendants have a controlling interest, Defendants' agents and employees, and any judge to whom this action is assigned and any member of such judge's staff and immediate family.

(cc)  "**Settlement Class Counsel**" or "Plaintiffs' Counsel" means Peiffer Wolf Carr Kane Conway & Wise, LLP and Sonn Law Group, PA.

(dd)  "**Settlement Hearing**" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement, to occur no earlier than 90 days after notice is sent pursuant to the Class Action Fairness Act, 28 U.S. Code § 1715.

(ee)  "**Unknown Claims**" means (a) any and all Released Claims which any of the Releasing Class Members do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Settlement Class; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in their favor at the time of the release of the Class Representative, the Settlement Class, and Settlement Class Counsel, which, if known by Defendants might have affected their settlement and release of any of the foregoing. "Unknown Claims" expressly includes any rights the parties may have under California Civil Code § 1542 (or any other similar law in any jurisdiction).

(ff)  "**YS Class Funds**" means the offerings and investments referred to as Vessel Deconstruction I (YS GM MarFin II LLC); Vessel Deconstruction III (YS GM MF

VII LLC); and Louisiana Oil & Gas (YS ARNA OGFin I LLC), individually and/or collectively as appropriate herein.

## II.    CLASS CERTIFICATION

1. On March 29, 2024, the District Court certified the following class in the Action, which is defined herein as the "Settlement Class":

> All persons who purchased a Borrower Payment Dependent Note (BPDN) issued by YS ALTNOTES I in connection with the following offerings: (1) Vessel Deconstruction I; (2) Vessel Deconstruction Fund III; and (3) Louisiana Oil & Gas Fund, excluding Defendants, any entities in which Defendants have a controlling interest, Defendants' agents and employees, and any judge to whom this action is assigned and any member of such judge's staff and immediate family.

2. On March 29, 2024, the District Court granted the motion of plaintiff Lawrence Tjok to be appointed as the class representative of the Settlement Class.  The Court had previously appointed Peiffer Wolf Carr Kane Conway & Wise, LLP and Sonn Law Group PA as co-lead counsel of the putative class on August 22, 2022.

## III.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

3. Throughout the course of this Action and in this Stipulation, Defendants expressly have denied, and continue to deny, any and all of the claims alleged in the Action, including any and all allegations of fault, negligence, liability, wrongdoing, or damages whatsoever. Defendants maintain that they have meritorious defenses to all claims alleged in the Action, and that if the litigation proceeds to conclusion they ultimately will prevail. Without limiting the foregoing in any way, Defendants expressly have denied, and continue to deny, each and all of the claims

and contentions alleged by plaintiffs in this Action, including claims that they engaged in any illegal or unprofessional conduct or made any materially misleading statement. Defendants maintain that their conduct was at all times proper and in compliance with the law, that their public disclosures were always honest and complete, and that at all times, they acted in good faith.

4.    Neither the Settlement nor any of the terms of this Stipulation shall be construed or deemed to be evidence of or constitute an admission, concession, or finding of any fault, negligence, liability, wrongdoing, or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted. Defendants submit they are entering into this Stipulation solely to eliminate the burden, expense, and uncertainty of further Action given the protracted period in which proceedings necessary to defend the Action through trial and any appeals might otherwise occur. Defendants have determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation.

### IV.    PLAINTIFFS' CLAIMS AND THE BENEFITS OF SETTLEMENT

5.    Class Representative and Settlement Class Counsel believe that the claims asserted in the Action have merit and that the evidence developed to date supports the claims asserted therein. However, Class Representative and Settlement Class Counsel recognize and acknowledge the expense and length and challenges of continued proceedings necessary to prosecute the Action past a motion for summary judgment and trial, as well as through appeals. Class Representative and Settlement Class Counsel also have taken into account the uncertain outcome and the risks of any Action, especially in a complex securities action such as this Action, as well as the difficulties and delays inherent in this Action. Class Representative and Settlement Class Counsel also are mindful of the inherent problems of proof under, and possible defenses to,

the claims asserted in the Action. Class Representative and Settlement Class Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Settlement Class Members. Based on their own investigation and evaluation, Class Representative and Settlement Class Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of the Settlement Class Members and is fair, reasonable, and adequate.

## V.    THE SETTLEMENT AMOUNT, THE SETTLEMENT FUND, AND FORGIVEN FEES

6.    Within no more than forty-five (45) days after entry of the Preliminary Approval Order, Settlement Class Counsel shall execute an agreement ("the **Escrow Agreement**") with the Escrow Agent to establish the Escrow Account using conventional escrow terms provided by the Escrow Agent; provided that Settlement Class Counsel shall not execute the Escrow Agreement without the prior review and consent of the Defendants and their insurers (such consent not to be unreasonably withheld, delayed, or conditioned). Settlement Class Counsel shall promptly provide to the Defendants copies of all documents establishing and governing the Escrow Account, including the account information and wire transfer instructions for the Escrow Account.

7.    Within five (5) business days after the Court enters the Final Approval Order, Defendants shall deposit or cause to be deposited the Settlement Amount into the Escrow Account.  Aside from the obligations in this paragraph 7 to deposit or cause to be deposited the Settlement Amount into the Escrow Account, and to provide current contact information of Settlement Class Members in accordance with Paragraph 29, the Released Defendant Parties shall have no role in, responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Plaintiffs' Counsel or the Claims Administrator, or any of their respective designees, in connection with the administration of the Settlement or otherwise; (ii) the

management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any Claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local returns; or (vii) the payment of any other Notice and Administration Expenses.

8.  The Escrow Agreement shall require that the Escrow Agent shall maintain the Settlement Amount in the Escrow Account consistent with the terms of this Stipulation, under the supervision of Settlement Class Counsel and subject to the oversight of the District Court. The Escrow Agreement shall require that the Escrow Agent shall invest the Settlement Amount exclusively in: instruments backed by the full faith and credit of the United States Government; or fully insured by the United States Government or an agency thereof; or money market funds invested solely in such investments. The Escrow Agreement shall require that the Escrow Agent shall reinvest any income from these instruments and the proceeds of these instruments as they mature in similar instruments. The Settlement Amount, combined with any interest or earnings accruing thereon (if any), shall constitute the "Gross Settlement Fund." All costs and risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund, and the Released Defendant Parties shall have no role in, responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent. The Escrow Agent, through the Settlement Fund, shall

indemnify and hold each of the Released Defendant Parties and their counsel harmless for the actions of the Escrow Agent.

9. All funds held in the Escrow Account shall be deemed and considered to be in *custodia legis* of the District Court and shall remain subject to the exclusive jurisdiction of the District Court, until such time as such funds shall be distributed pursuant to this Stipulation and/or further order(s) of the District Court.

10. After the Settlement Amount has been paid into the Escrow Account in accordance with paragraph 7, the Parties agree to treat the Escrow Account as a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1.  In addition, Settlement Class Counsel shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this paragraph, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date.  Such election shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of Settlement Class Counsel to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, and thereafter take all such actions as may be necessary or appropriate to cause the appropriate filing to occur.

11. For the purposes of Section 468B of the Internal Revenue Code of 1986, as amended, and Treas. Reg. § 1.468B promulgated thereunder, the "administrator" shall be the Escrow Agent, who shall timely and properly file, or cause to be filed, all informational and other tax returns necessary or advisable with respect to the interest earned on the funds deposited in the Escrow Account (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)).  Such returns (as well as the election described above) shall be consistent with this

subparagraph and in all events shall reflect that all taxes (including any estimated taxes, interest, or penalties) on the income earned on the funds deposited in the Escrow Account shall be paid out of such funds as provided in paragraphs 12, 15 and 16.

12. Taxes on the interest income generated by the Settlement Amount in the Escrow Account and expenses and costs incurred in connection with the taxation of the Settlement Amount (including, without limitation, interest, penalties, and the fees and expenses of tax attorneys and accountants) (collectively "Taxes") shall be paid solely out of the Escrow Account.  In all events, the Defendants shall have no liability or responsibility whatsoever for the Taxes on the interest income of the Settlement Fund in the Escrow Account or the filing of any tax returns or other documents with the Internal Revenue Service or any other state or local taxing authority.

13. Taxes shall be treated as, and considered to be, a cost of Administration of the Settlement and shall be timely paid, or caused to be paid, by the Escrow Agent out of the Escrow Account without prior order from the District Court, and (notwithstanding anything herein to the contrary) any funds necessary to pay such amounts (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2)) shall be withheld from distribution to authorized members of the Settlement Class.  The Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph.

14. The Escrow Agreement shall require that the Escrow Agent shall not disburse any of the Gross Settlement Fund except as provided in this Stipulation or by an Order of the District Court, or by the written authorization of Settlement Class Counsel and the Defendants.  The Released Defendant Parties shall have no role in, responsibility for, interest in, or liability whatsoever

with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent. The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendant Parties and their counsel harmless for any transaction executed by the Escrow Agent.

15. The Gross Settlement Fund shall be used only for the following purposes: (i) to compensate the Settlement Class as approved by the District Court; (ii) to pay any and all taxes due to state or governmental authorities as a result of the establishment or distribution of the Gross Settlement Fund; (iii) to pay the reasonable costs of administration, as approved by the District Court; (iv) to pay attorneys' fees and reimburse expenses as approved by the District Court, and (v) to pay any award of reasonable costs and expenses (including lost wages) directly relating to the representation of the class within the meaning of 15 U.S.C. 78u-4, as approved by the District Court.

16. No money may be paid out of the Gross Settlement Fund before the Effective Date of the Settlement, except as follows: (i) Taxes may be paid out of the Gross Settlement Fund, as they come due and owing; (ii) up to $100,000 for the costs of Notice to the Class and other reasonable costs of administration may be paid out of the Gross Settlement Fund, as they come due and owing; and (iii) attorneys' fees and expenses awarded by the District Court, as more fully set forth in Section VII.

17. Defendants have agreed to forego their rights to the Forgiven Fees, up to a maximum amount of $2,750,000, as additional consideration for the Settlement. In the event Defendants receive funds in the future that would otherwise be payable to Defendants under the Offering Documents and terms under which the YS Class Funds were offered and managed, in accordance with the definition of Forgiven Fees herein, those amounts will instead be

contributed toward the gross amounts to be paid Yieldstreet's investors for distribution in accordance with the Offering Documents. The Forgiven Fees will not be paid into the Escrow Account or administered as part of this Settlement, and no portion of the Forgiven Fees will be paid to Settlement Class Counsel as payment for attorneys' fees, expenses, costs of administration or otherwise. The Forgiven Fees shall be allocated across the YS Class Funds on a pro rata basis and Defendants shall notify Settlement Class Members of such amounts via the Yieldstreet portal.

18. The deposit of the Settlement Amount into the Escrow Account as set forth above will be in full satisfaction of the Released Claims, including all claims for attorneys' fees, expenses, costs of administration, and service awards. In no event shall the total amount of monetary consideration paid by the Defendants under this Stipulation exceed the total of the Settlement Amount. The Defendants shall have no obligation to pay the Class Representative, members of the Settlement Class, Settlement Class Counsel, or anyone else any monetary consideration in excess of the Settlement Amount, if any on account of the claims asserted in the Action and/or released pursuant to this Stipulation.

## VI.    RELEASES AND COVENANT NOT TO SUE

19.  The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Action.

20. Upon the Effective Date, Class Representative shall have, and each and every Releasing Class Member shall be deemed to have, and by operation of the Final Judgment shall have, irrevocably and unconditionally, fully, finally, and forever waived, released, relinquished, discharged, and dismissed with prejudice each and every one of the Released Claims against each and every one of the Released Defendant Parties and shall forever and permanently be

barred and enjoined from filing, commencing, instituting, prosecuting, continuing, asserting, intervening in, maintaining, or enforcing any action or other proceeding in any forum (including, but not limited to, any foreign, federal, state or local court of law or equity, arbitration tribunal, or administrative forum), asserting any of the Released Claims against any and all of the Released Defendant Parties, whether or not such Releasing Class Member shares in the Net Settlement Fund or receives actual notice of the Settlement.  Claims to enforce the terms of this Stipulation are not released.

21. The Final Judgment shall fully, finally, and completely extinguish the liability of each Released Defendant Party as to any and all Released Claims for purposes of 15 U.S.C. §78u-4(f)(7)(A)(i).  For the avoidance of doubt, the Final Judgment and the releases herein shall not take effect unless the Effective Date is achieved in accordance with Paragraph 39, which shall not occur unless the Settlement Amount has been deposited into the Escrow Account.

22. Upon the Effective Date, each of the Released Defendant Parties shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims (including Unknown Claims) against the Class Representative, the Releasing Class Members, and Settlement Class Counsel. Claims to enforce the terms of this Stipulation are not released.

23. For clarity, the foregoing releases shall not apply to Excluded Matters.

24. The releases in this Article VI include an express, informed, knowing and voluntary waiver and relinquishment of any and all Released Claims to the fullest extent permitted by law, including claims that are unknown and unsuspected.  The Defendants, the Class Representative and Settlement Class Members acknowledge that they may have sustained damages, losses, costs or expenses that are presently unknown and unsuspected and that such damages, losses,

costs or expenses as may have been sustained may give rise to additional damages, losses, costs or expenses in the future. The Defendants, the Class Representative, and the Settlement Class Members further acknowledge that they have negotiated this Stipulation taking into account presently unsuspected and unknown claims, counterclaims, causes of action, damages, losses, costs and expenses, and they voluntarily and with full knowledge of its significance, expressly waive and relinquish any and all rights they may have under any state or federal statute, rule or common law principle, in law or equity, relating to limitations on general releases.  Specifically, each of the Defendants, the Class Representative, and the Settlement Class Members expressly waives any rights it may have under California Civil Code § 1542 (or any other similar law in any jurisdiction) which provides that:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

25. The Final Judgment will contain a bar order which shall bar all future claims against the Defendants by the Class Representative, Settlement Class Members, and anyone claiming through or on behalf of any of them, asserting any of the Released Claims against any of the Released Defendant Parties.

### VII.    PRESERVATION OF CLAIMS AGAINST SPECIFIED THIRD PARTIES

26. For the avoidance of doubt, the Settlement is not intended to and does not release or have any impact on any of the following individuals and entities or their affiliates: Muhammad Tahir

Lakhani, Muhammad Ali Lakhani, Muhammad Hasan Lakhani, Uneza Tahir Lakhani, Ayesha Lakhani, any transferees of the listed members of the Lakhani family, and related companies North Star Maritime Holdings Ltd, Dubai Trading Agency LLC, Dubai Navigation Corp.; North Star Group; North Star borrowers Gemini Marine Ltd., Gemini Marine (No. 1) Ltd., Gemini Marine (No. 2) Ltd., Gemini Marine (No. 3) Ltd., Gemini Marine (No. 4) Ltd., Gemini Marine (No. 5) Ltd., Gemini Marine (No. 6) Ltd., Gemini Marine (No. 7) Ltd., Gemini Marine (No. 8) Ltd., Gemini Marine (No. 10) Ltd., Gemini Marine (No. 12), Ltd., Gemini Marine (No. 13) Ltd., Gemini Marine (No. 14) Ltd., Aquarius Marine Ltd., North Star Marine Ltd.; Creststar Marine Ltd; Gulfstar Agencies Limited; Gulfstar SA; NSH General Trading LLC; Protec Ship Maintenance LLC (a.k.a DTA Ship Trading LLC); DTA Maritime Pte Ltd; Gulfstar SA; DNC Maritime Services LLC; West Star Private Shipping; Star Maritime Corporation (Delaware); Bin Suhail Trading One Person Company LLC; Five Star Scrap Selling LLC; Sea Radiating World Shipping LLC; Adamantine Shipping Services LLC; Deep Sea Traverse Alpha Maritime LLC; Star Voyages Shipping Services; Continental Shipping Agencies LLC; Nautilus Ship Chandlers LLC; DTA Maritime LLC; DTA Maritime Services LLC; DNA Health Medical Center LLC; Deep Sea Traverse Alpha Maritime LLC; Delta Maritime Services (a.k.a Delta Marine Services); Rentoil SV One Ltd; Serene Velocity DMCC; Hospitality Business Secure LLC; Gulf Star Agencies Limited; Vista Maritime Travel Tourism LLC; GlaxoSmithKline Pakistan Limited; Ghandhara Tyre and Rubber Company Limited; Nishat Chunian Power Limited; Engro Fertilizers Ltd; Shabbir Tiles & Ceramics Limited; Gul Ahmed Textile Mills Limited; Amreli Steels Limited; Fatima Fertilizer Company Ltd; The Crescent Textile Mills Limited; Lalpir Power Limited; Engro Powergen Qadirpur Limited; Thatta Cement Company Limited; Engro Polymer and Chemicals Limited; Brushane

LPG (Pakistan) Limited; Ecopack Limited; Matco Foods Limited; Muhammad Nasir Hussain Qadri;  Tariq Feroze; and Abdulrahman Ali and Abdulrahman Al Naqbi; Iqbal Mozawalla; Suryakant Pai; Mohammad Rokhan Khan Youssef Zai Patalj; Nicholas Dean; Eriv Rivera; Max Dean; Brian Nolan; Juma Bin Suhail Almheiri; Rohit Goyanka; Shohidul Ahad Choudhury; Naser Al Jafari; John Michael Omerod; Saeed Abdallah Al Marri; Alessandra Burke; Charlotte Mary O Brien; Four Wood Capital Partners; Four Wood Capital Advisors, LLC; Four Wood Capital Partners, LLC; Global Marine Transport Capital LLC; Steven Baffico; and Andrew Simmons; any successors or assignees of the entities named in this paragraph; any entities created or sponsored by or on behalf of any of the foregoing; and any and all those acting in concert with or on behalf of any of the foregoing; and thus does not in any respect bar or impact current or future claims against any of them.

## VIII.  ADMINISTRATION OF THE SETTLEMENT

27. Pending approval by the District Court of this Stipulation and its Exhibits, all proceedings in the Action shall be stayed, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation or other agreement of the Parties.

28. The Claims Administrator shall provide reasonable notice to Settlement Class Members and be responsible for Administration of the Settlement under Settlement Class Counsel's supervision and subject to the exclusive jurisdiction of the District Court.  The Defendants shall have no role in, or responsibility for, the Administration of the Settlement.

29. The "Administration of the Settlement" includes notifying the members of the Class of the Settlement; the allocation and distribution of the Net Settlement Fund; calculation, processing and payment of amounts to be paid to the Class Representative and the Settlement Class in accordance with the Plan of Allocation; receipt and processing of requests for exclusion; and

the processing of tax documents in connection with any payments made out of the Net Settlement Fund. Within three (3) business days after entry of the Preliminary Approval Order, Defendants' Counsel shall use reasonable efforts to provide to Settlement Class Counsel and the Claims Administrator, at no cost to Plaintiffs or the Settlement Class, a list in a reasonably usable electronic format, containing the names and addresses and email addresses, if available, of Settlement Class Members. In the event that the Claims Administrator reports that there have been any e-mail soft bounces, hard bounces, or returned physical mail, Defendant's counsel will use reasonable efforts to provide such Class Members phone numbers on file to the Claims Administrator in electronic format, and otherwise provide reasonable cooperation with the Claims Administrator in providing data with respect to such Class Member(s) that Defendants may have on file in furtherance of the Claims Administrator's efforts to locate the Class Member(s). The Parties acknowledge that any information provided to the Claims Administrator or Settlement Class Counsel pursuant to this Paragraph shall be treated as confidential and will be used by the Claims Administrator and Settlement Class Counsel solely to deliver the Notice and/or implement the Settlement, including the Plan of Allocation. It shall be solely Settlement Class Counsel's responsibility to disseminate the Notice to the Settlement Class in accordance with this Stipulation and as ordered by the Court. Settlement Class Members shall have no recourse as to the Released Defendant Parties with respect to any claims they may have that arise from any failure of the notice process. No person or entity, including, but not limited to, the Class Representative, the Settlement Class Members and/or Settlement Class Counsel shall have any claims against the Defendants in connection with the Administration of the Settlement.

30. The Claims Administrator shall create a website accessible to all Settlement Class Members to allow them to access a library of documents relating to the Settlement (the "Website"). The Notice shall provide Settlement Class Members with the URL of the Website. To access the Website, Class members must enter the email address associated with their investment, and must enter a password provided in the Notice. The URL of the Website shall be www.YSClassSettlement.com.

31. The Claims Administrator shall be responsible for providing any required notice under the CAFA. All costs of Administration of the Settlement, including the fees and expenses of the Claims Administrator, as well as the costs and expenses to provide any notice(s), except for the CAFA notice, shall be paid from the Gross Settlement Fund.

32. The Released Defendant Parties shall have no role in, responsibility for, interest in, liability, or obligation whatsoever in the Administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no liability whatsoever to the Releasing Class Members in connection with such Administration, including, but not limited to: (i) any act, omission, or determination by Settlement Class Counsel, the Escrow Agent, and/or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management or investment of the Settlement Amount or the Gross or Net Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any amounts to be paid out of the Gross or Net Settlement Fund; (v) any losses suffered by, or fluctuations in value of, the Gross or Net Settlement Fund; or (vi) the payment or withholding of any taxes, expenses, and/or costs incurred with the taxation of the Settlement Fund or the filing of any federal, state, or local

returns.  No discovery shall be taken of any of the Released Defendant Parties in connection with the administration of the Settlement.

33. The Settlement Fund shall be applied as follows:

      a.   to pay all Notice and Administration Expenses;

      b.   to pay all taxes and tax expenses payable in connection with the Settlement;

      c.   to pay all fees, expenses, and costs approved by the District Court in response to a Fee and Expense Application, and to pay any awards to the Class Representative for his reasonable costs and expenses (including lost wages) pursuant to / in connection with his representation of the Settlement Class, if and to the extent allowed by the Court (the "Fee and Expense Award"); and

      d.   after the Effective Date, to distribute the Net Settlement Fund as provided by this Stipulation, the Plan of Allocation, or the orders of the Court.

34. After the Effective Date, and in accordance with the terms of this Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to the Releasing Class Members, subject to and in accordance with the following provisions of this Stipulation.

## VI.    COURT APPROVAL OF SETTLEMENT

35. Payment to the Escrow Agent of the Settlement Amount shall be completed within five (5) business days after the entry of Final Approval Order.  Payment of the Settlement Amount to the Releasing Class Members is expressly contingent on the District Court's approval of the Stipulation, including the releases herein, under FRCP Rule 23(e), and upon a mutually agreeable Final Judgment having been entered by the District Court under FRCP Rule 58 and having achieved an Effective Date as defined herein.

### A.    *Preliminary Approval*

36. As soon as reasonably practicable, but no later than twenty-one (21) calendar days following execution of this Stipulation, Settlement Class Counsel shall file in the District Court a motion for preliminary approval of the Stipulation and the plan to provide notice under FRCP Rule 23(e)(1) (the "Motion for Preliminary Approval"). Counsel for Defendants shall have an opportunity to review those and other court papers prior to filing, with counsel for the Parties to work collaboratively with respect to the Motion for Preliminary Approval and all subsequent steps necessary to achieve an Effective Date.

### B.    *Final Approval of Settlement and Final Judgment*

37. Settlement Class Counsel shall file in the District Court a motion for final approval of the Stipulation under FRCP Rule 23(e) (the "Motion for Final Approval") in compliance with the time limits set forth in the Preliminary Approval Order.  The Motion for Preliminary Approval shall ask the District Court to schedule a final hearing to consider approval of the Settlement as fair and reasonable; approval of the Plan of Allocation; and approval of the proposed form of the Final Judgment.

38. The Final Judgment shall dismiss, with prejudice, all claims against Defendants, in a form substantially and materially consistent with Exhibit B hereto.  Any pending motions filed by any of the Parties shall be denied as moot.  For the avoidance of doubt, the Final Judgment and the releases herein shall not take effect unless the Effective Date is achieved in accordance with Paragraph 39, which shall not occur unless the Settlement Amount has been deposited into the Escrow Account.

### C.    *Effective Date of Settlement, Waiver, or Termination*

39. The Effective Date of Settlement shall be the date when all the following shall have occurred:

(a)    the District Court has entered the Preliminary Approval Order;

(b)    the District Court has entered the Final Approval Order under FRCP Rule 23(e);

(c)    the District Court has entered the Final Judgment under FRCP Rules 54 and 58;

(d)    the Settlement Amount has been deposited into the Escrow Account; and

(e)    the appeals process for the Final Approval Order and Final Judgment is exhausted. The appeals process for the Final Approval Order and Final Judgment will be deemed exhausted within the meaning of this paragraph when the Final Approval Order and Final Judgment has been entered on the docket in the Action, and all of the following shall have occurred: (1) the time within which to appeal the Final Approval Order and Final Judgment has expired, 45 days has passed since the Court's entry of the Final Approval Order and Final Judgment, and no appeal has been filed or noticed; (2) if such an appeal has been filed or noticed, it has been finally resolved and has resulted in an affirmation of the Final Approval Order and Final Judgment and implementation of the Settlement in accordance with all material terms set forth herein; and (3) if an appeal from the Final Approval Order or Final Judgment has been filed or noticed and, following the resolution of all appellate proceedings, the District Court has entered a further order or orders approving the Settlement in accordance with all material terms set forth in this Stipulation, and no further appeal has been taken from such order(s) and the time within which to file or notice any further appeal has expired.

40. The Parties shall have the right to terminate the Settlement and the Stipulation by providing written notice of their election to do so to all other Parties to the Stipulation within thirty (30) calendar days of (i) the District Court's decision to deny the Motion for Preliminary Approval without giving the Parties the right or leave to re-apply for preliminary approval; (ii) the

District Court's refusal to approve this Stipulation in whole and in all material respects, although in this instance the Parties agree to discuss in good faith any revisions intended to cure the District Court's refusal; (iii) the District Court's failure to enter both the Final Approval Order and the Final Judgment under FRCP Rule 58 in whole and in all material respects, without giving the Parties the right or leave to resubmit; (iv) the date upon which the Final Approval Order or Final Judgment is modified or reversed in any material respect by the United States Court of Appeals or the United States Supreme Court; (v) the failure of any or all of the events described in Paragraph 39 and/or the failure to achieve an Effective Date; or (vi) in accordance with Paragraph 42.  Notwithstanding the foregoing, no order of the Court or modification or reversal on appeal of any order of the Court concerning the Fee and Expense Award shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of this Stipulation.

41. The Parties acknowledge that Settlement Class Members have the right and ability to exclude themselves from the Class prior to the Settlement Hearing. Settlement Class Counsel, in conjunction with the Claims Administrator, shall cause copies of requests for exclusion from the Class to be provided to the Defendants' Counsel no later than three (3) business days from their receipt thereof, and in any event, no later than fourteen (14) calendar days before the Settlement Hearing. No later than seven (7) calendar days after the final date for mailing requests for exclusion, Settlement Class Counsel shall provide Defendants' Counsel with a complete and final list of all known Class Members that have excluded themselves from the Settlement.

42. Right to Withdraw Based on Opt-Outs

(a)     The Defendants shall have the option to withdraw from the Settlement in the event valid exclusions from the Settlement Class exceed a specified threshold, and the Class Representative shall have the option to terminate the Settlement if one or more Defendants elects to withdraw from the Settlement. The specified threshold and the details of the Parties' respective options are contained in the Confidential Supplemental Agreement between the Parties, which shall not be filed with the District Court unless the District Court so orders, and which shall not be disclosed to Settlement Class Members other than the Class Representative.  The contents of the Confidential Supplemental Agreement may also be disclosed to the District Court if a dispute arises among the Parties concerning the Confidential Supplemental Agreement's interpretation or application.  If submission of the Confidential Supplemental Agreement is ordered by the Court or is necessary to resolve a dispute between Plaintiffs and Defendants, the Parties will seek to have the Confidential Supplemental Agreement submitted to the Court in camera or filed under seal, but such disclosure shall be carried out to the fullest extent possible in accordance with the practices of the Court as to preserve the confidentiality of the Confidential Supplemental Agreement, particularly the termination conditions and threshold. The Parties will keep the terms of the Confidential Supplemental Agreement confidential, subject to any exceptions set out therein and unless ordered to disclose them by the District Court.

(b)     In the event valid exclusions from the Class exceed the specific threshold, not later than seven (7) calendar days after receipt of the complete and final list of all known Class Members that have excluded themselves from the Class, each Defendants' Counsel shall notify Settlement Class Counsel whether the Defendant elects to withdraw from the Settlement ("Defendants' Notice of Withdrawal").

43. Each Settlement Class Member who does not seek exclusion from the Settlement Class shall be deemed to have submitted to the jurisdiction of the Court with respect to such claimant's receipt of a portion of the Gross Settlement Fund, including, but not limited to, all releases provided for herein and in the Final Judgment, and such claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure.  In connection with processing payments, no discovery shall be allowed on the merits of the Action or the Settlement.  All proceedings with respect to the administration, processing, and determination of payments and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of any claims, shall be subject to the jurisdiction of the Court, but shall not, in any event, delay or affect the finality of the Final Judgment.  All Settlement Class Members, other claimants, and parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

44. If the Effective Date does not occur, or if the Settlement is terminated or modified by the District Court in any material respect, or if the Settlement fails to become effective for any reason, then:

   (a)     the Parties shall be deemed to have reverted to their respective status in the Action as of the date and time immediately prior to July 31, 2024 and, except as otherwise expressly provided, the Parties shall proceed in all respects as if this Stipulation and any related orders had not been entered; and

   (b)     within ten (10) business days after the Settlement is terminated or modified in any material respect or the Effective Date fails to occur, Settlement Class Counsel shall direct the Escrow Agent to return the Gross Settlement Fund (less only any notice and

administration costs actually incurred and paid or owing, in an amount up to $100,000) to Defendants, including all amounts received by Settlement Class Counsel in the form of attorneys' fees and/or reimbursement of expenses.

## VII.    ATTORNEYS' FEES AND EXPENSES

45. Settlement Class Counsel may apply to the District Court for an award from the Gross Settlement Fund of (i) attorneys' fees, plus any interest on such amount at the same rate and for the same periods as earned by the Settlement Amount; and (ii) reimbursement of out-of-pocket expenses incurred in prosecuting the Action, plus any interest on such amount at the same rate and for the same periods as earned by the Settlement Amount ("Fee and Expense Application").  The Class Representative may also apply for an award of reasonable costs and expenses (including lost wages) pursuant to 15 U.S.C. 78u-4 directly relating to his representation of the Class. All attorneys' fees and expense awards shall be paid exclusively from the Gross Settlement Fund.

46. The Fee and Expense Application shall be considered separately from the Settlement and any decision by the District Court concerning attorneys' fees allocation, or expenses, or any award to the Class Representative, shall not affect the validity or finality of the Settlement.  The amount of attorneys' fees and expenses awarded by the Court is within the sole discretion of the Court.  Defendants take no position on any fee and expense application or allocation.

47. Any attorneys' fees and reimbursement of expenses awarded by the Court shall be payable to Settlement Class Counsel immediately after the Settlement Amount is deposited into the Escrow Account, notwithstanding the pendency of any appeal.  Settlement Class Counsel shall be responsible for allocating the attorneys' fees and expenses awarded by the District Court among all plaintiffs' counsel in the Actions.

48. In the event that the Effective Date does not occur, or the Final Judgment or the order making the Fee and Expense Award is reversed or modified, or this Stipulation is canceled or terminated for any other reason, and such reversal, modification, cancellation, or termination becomes final and not subject to review, and in the event that the Fee and Expense Award has been paid to any extent, then Settlement Class Counsel, including their partners and/or shareholders, and Settlement Class Representative or any other plaintiffs who have received any portion of the Fee and Expense Award shall, within ten (10) Business Days from receiving notice from Defendants' Counsel or from a court of appropriate jurisdiction reversing or modifying the Final Judgment or Fee and Expense Award, refund to the Settlement Fund all such fees and expenses previously paid to them from the Gross Settlement Fund. Any refunds required pursuant to this paragraph 48 shall be the joint and several obligation of Settlement Class Counsel, including their law firms, partners, and/or shareholders, and Settlement Class Representative or any other plaintiffs if they received fees or expenses, to make appropriate refunds or repayments to the Gross Settlement Fund. Each such Person receiving fees and expenses, as a condition of receiving such fees and expenses, on behalf of themselves and each of their partners and/or shareholders, agrees that: (a) such Person and its partners, shareholders, and/or members are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph, and (b) are jointly and severally liable for the full amount of all fees, expenses, and costs paid to them from the Gross Settlement Fund. Without limitation, Settlement Class Counsel and Settlement Class Representative and their partners, shareholders, and/or members agree that the Court may, upon application of Defendants and notice to Settlement Class Counsel, summarily issue orders, including, but not limited to, judgments and attachment orders, and may make appropriate findings of or sanctions for contempt, should

such Persons, law firms, or their partners, shareholders, or members fail to timely repay fees and expenses pursuant to this paragraph.

## VIII.  COOPERATION IN IMPLEMENTATION OF STIPULATION AND COMMUNICATIONS WITH SETTLEMENT CLASS MEMBERS

49. The Parties agree that implementation of this Stipulation will require the execution of additional, mutually-agreed upon documents, including documents that will need to be filed and/or entered in the Action.  Moreover, as reflected herein, the Stipulation itself contains contingencies, including court approvals, that must be met before any money is paid to the Settlement Class and before any releases become effective.  The Parties agree to work together and make good-faith and reasonable efforts to effectuate this Settlement and Stipulation and satisfy the contingencies contained herein.

50. Counsel for all Parties agree to recommend approval of the Stipulation by the District Court and to undertake their best efforts and cooperate fully with one another in seeking District Court approval of the Preliminary Approval Order, the Stipulation, and the Settlement, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the District Court of the Settlement and the entry of the Final Judgment.  All Parties agree to take all reasonable actions necessary to effectuate the performance of, and uphold the validity and enforceability of, this Stipulation.  Each of the Parties also agrees to cooperate in connection with any discovery and oppositions regarding said motions, with each Party bearing its own costs and attorneys' fees.

51. The Parties recognize that Yieldstreet has an important ongoing relationship with its current and prospective investors, including Settlement Class Members, and that ongoing communications are basic to that relationship.  For this reason, nothing contained in this Stipulation or otherwise in any manner limits Yieldstreet's ability to communicate with its

investors in the usual course of business. Such communications shall not permit contact by or communications with, Yieldstreet's attorneys on matters within the scope of this Action. Settlement Class Counsel and the Claims Administrator may consult with Defendants' Counsel regarding non-privileged communications with Settlement Class Members that concern administrative issues such as customer service at Yieldstreet, mechanics of this Settlement, and the settlement payment process.

52. Each Party shall bear its own costs and attorneys' fees in connection with implementing this Stipulation, including in connection with obtaining the necessary court approvals.

53. The Class Representative and Settlement Class Counsel, and the attorneys, staff, experts, and consultants assisting them in this Action, agree that: (a) they will not intentionally assist or cooperate with any Person in the filing of private legal actions related to the subject matter of this Action against the Released Defendant Parties; and (b) they will not intentionally assist or cooperate with any non-governmental Person seeking to publicly disparage the Released Defendant Parties with respect to any matter relating to the subject matter or the resolution of this Action. Defendants, and the attorneys, staff, experts, and consultants assisting them in the Action agree that they will not publicly disparage Class Representative and Settlement Class Counsel with respect to any matter relating to the subject matter or resolution of this Action, and will not intentionally assist or cooperate with any non-governmental Person seeking to publicly disparage the Class Representative and/or Settlement Class Counsel with respect to any matter relating to the subject matter or the resolution of this Action.

## IX.    NO ADMISSION OF WRONGDOING

54. Neither the Settlement, this Stipulation (whether or not consummated), including the Exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may

be approved by the Court), the negotiations leading to the execution of this Stipulation and the Settlement, nor any proceedings, communications, drafts, documents, or agreements taken pursuant to or in connection with this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

    a.   shall be construed as or deemed to be evidence of any presumption, concession, finding, or admission by any Defendant of the truth of any allegations in the Action or the validity of any claim that has been or could have been asserted in the Action, or the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation, including, but not limited to, litigation of the Released Claims, or of any liability, damages, negligence, fault, omission, or wrongdoing of any kind of any of the Defendants or in any way referred to for any other reason as against any of the Defendants, in any civil, criminal, or administrative action or proceeding;

    b.   shall be offered or received against or to the prejudice of the Class Representative or any Settlement Class Member or against the Defendants as evidence that their claims or defenses in any way lack merit or as to the validity of any claim or affirmative defense that has been or could have been asserted in the Action including, but not limited to, litigation of the Released Claims;

    c.   shall be in any way referred to for any other reason as against any of the Parties to this Stipulation, in any other civil, criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal; provided, however, that if this Stipulation is approved by the Court, Defendants and the Released Defendant Parties may refer to it to effectuate the release granted them hereunder; or

d.  shall be offered as evidence of a presumption, concession, or admission that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial or in any proceeding other than this Settlement;

e.  except that nothing in this settlement agreement shall prohibit communications by any individual with the SEC per § 240.21F-17, Staff communications with individuals reporting possible securities law violations.

## X. MISCELLANEOUS PROVISIONS

55. Recitals.  The recitals set forth above in Section I are incorporated herein by reference.

56. Headings.  All section names and headings in this Stipulation are included solely for convenient reference, are not intended to be full and accurate descriptions of the contents of this Stipulation, shall not be deemed part of this Stipulation, and shall not affect the meaning or interpretation of this Stipulation.

57. Third-Party Beneficiaries.  With the exception of any released persons or entities, this Stipulation shall not have any third-party beneficiaries.

58.  Entire Agreement. This Stipulation sets forth the full and complete agreement of the Parties with respect to the settlement of pending claims involving the YS Class Funds, and there is no mistake of law or fact with respect to this Stipulation. This Stipulation supersedes and replaces any earlier representations, inducements, promises, settlements, compromises, agreements, or understandings, written or oral, between the Parties with respect to the settlement of pending claims within the previously-certified class involving the YS Class Funds.

59. No Oral Modification.  This Stipulation may not be amended, modified, or revoked except by means of a supplemental writing that is signed by the Party against whom the amendment, modification, or revocation is to be enforced.

60. <u>No Waiver</u>.  Nothing in this Stipulation or in the negotiation or proceedings related hereto is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint-defense privilege, or work product immunity.  Any failure by any party to insist upon the strict performance by any other party of any of the provisions of this Stipulation shall not be deemed a waiver of any of the provisions hereof, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of this Stipulation to be performed by such other party.  No waiver, express or implied, by any party of any breach or default in the performance by the other party of its obligations under this Stipulation shall be deemed or construed to be a waiver of any other breach, whether prior, subsequent, or contemporaneous, under this Stipulation.

61. <u>Failure to Enforce</u>.  The failure, or partial failure, of the Parties to enforce at any time any provision of this Stipulation shall not be construed to be a waiver of such provision, nor in any way affect the validity of this Stipulation or any part thereof, or the right of any Party thereafter to enforce each and every provision.  Any waiver of any breach of this Stipulation shall not be held to constitute a waiver of any other breach.

62. <u>Binding on Successors</u>.  This Stipulation is binding on the Parties and their respective successors and legal representatives, including executors, administrators, and heirs.

63. <u>Parties to Bear Own Fees and Costs</u>.  The Parties shall bear their own costs for the negotiation of this Stipulation and the legal work required by this Stipulation.

64. <u>Governing Law and Venue</u>.  This Stipulation has been executed under and shall be construed in accordance with the laws of the State of New York and federal statutory and common law regarding class actions. If there is any litigation or other proceeding to enforce or interpret any

provision of this Stipulation, jurisdiction and venue shall be exclusively in the United States District Court for the Southern District of New York.

65. <u>Construction</u>. The rule of construction that an agreement is to be construed against the drafting Party is not to be applied in interpreting this Stipulation. The Parties acknowledge that they have each read this Stipulation, that they understand its meaning and intent, and that this Stipulation has been executed voluntarily.

66. <u>Counterparts</u>. This Stipulation may be executed in one or more counterparts, each of which is to be deemed an original. All counterparts may be consolidated into one agreement, binding on all the Parties.

67. <u>Rule 11</u>.    The Parties intend this Stipulation and Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Class Representative and any other Settlement Class Members against Defendants with respect to the Released Claims and the YS Class Funds.  No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense or settlement of this Action, and any arguments in support of, assertions or requests for sanctions are hereby withdrawn.  The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, including through a lengthy mediation process supervised and conducted by Jed D. Melnick, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

68. <u>Representation Regarding Authority to Execute Stipulation</u>. This Stipulation is being executed by counsel of record for the Parties in the Action, each of whom represents and warrants that

he or she has the authority from his or her clients to enter into this Stipulation, which has full force and effect as a binding obligation of such clients.

69. <u>Tax Advice</u>. No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

70. <u>Extension of Time</u>. Unless otherwise provided, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation without further order of the Court.

71. <u>Confidentiality.</u>  All agreements made and orders entered during the course of the Action relating to the confidentiality of information and the return and destruction of discovery material shall survive and are incorporated into this Stipulation.

72. Plaintiffs and Settlement Class Counsel represent and warrant that none of Plaintiffs' claims or causes of action referred to in the Action or this Stipulation has been assigned, encumbered, or any manner transferred in whole or in part.

73. This Stipulation shall be binding upon, and inure to the benefit of, the successors, heirs, and assigns of the Parties.

74. The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation and matters related to the Settlement.

75. Any waiver of any of the terms of this Stipulation must be in writing, signed by the party against whom the waiver is sought to be enforced.  The waiver by one Party of any breach of this Stipulation by any other party shall not be deemed a waiver by any other Party or a waiver of any other prior or subsequent breach of this Stipulation.

*Signatures on following page*

By:
/s/Daniel Centner
Daniel Centner, Esq.
**PEIFFER WOLF CARR KANE
CONWAY & WISE, LLP**
Daniel Centner, Esq.
Joseph Peiffer, Esq.
935 Gravier St #1600
New Orleans, LA 70112
Telephone: (504) 523-2434
Facsimile: (504) 608-1465
jpeiffer@peifferwolf.com
dcentner@peifferwolf.com

By:

/s/ Jeffrey R. Sonn
Jeffrey R. Sonn, Esq.
**SONN LAW GROUP, P.A.**
Jeffrey R. Sonn, Esq.
Brian B. Pastor, Esq.
One Turnberry Place
19495 Biscayne Blvd., Suite 607
Aventura, FL 33180
Telephone: (305) 912-3000
Facsimile: (786) 485-1501
jsonn@sonnlaw.com
bpastor@sonnlaw.com
service@sonnlaw.com

*Counsel for Lead Plaintiff Lawrnce Tjok
And the Certified Class*

By:
/s/ Jonathan A. Shapiro
 Jonathan A. Shapiro, Esq.
**GOODWIN PROCTER LLP**
Three Embarcadero Center, Suite 2800
San Francisco, CA 94111
Tel.: +1 415 733 6000 Fax: +1 415 677 9041
JShapiro@goodwinlaw.com

Brendan F. Quigley, Esq.
**BAKER BOTTS LLP**
30 Rockefeller Plaza
New York, New York 10112
Tel.: +1 212 408 2520 Fax: +1 212 259 2520
Brendan.quigley@bakerbotts.com

Robert M. Tiefenbrun, Esq.
**GOODWIN PROCTER LLP**
601 S. Figueroa Street, 41st Floor
Los Angeles, CA 90017
Tel.: +1 213 426 2500  Fax: +1 213 623 1673
RTiefenbrun@goodwinlaw.com

Melissa Lee Brumer, Esq.
**GOODWIN PROCTER LLP**
620 Eighth Avenue New
York, NY 10018
Tel.+1 212 813 8800
f  +1 212 214 0813
MBrumer@goodwinlaw.com

*Counsel for Defendants Yieldstreet Inc.; Yieldstreet
Management, LLC; YS Altnotes I, LLC; YS Altnotes
II, LLC; and Michael Weisz*

**<u>EXHIBIT A</u>**

**Proposed "Preliminary Approval Order"  Preliminarily Approving the Settlement and Directing Notice to the Class of the Pendency of the Action and of the Settlement**

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL TECKU; DAVID FINKELSTEIN; AND LAWRENCE TJOK, *individually and on behalf of all others similarly situated*,<br><br>    Plaintiffs,<br><br>  v.<br><br>YIELDSTREET, INC.; YIELDSTREET MANAGEMENT, LLC; YS ALTNOTES I, LLC; YS ALTNOTES II, LLC; AND MICHAEL WEISZ,<br><br>    Defendants. | No.: 1:20-cv-07327 (VM) (SDA) |

**ORDER PRELIMINARILY APPROVING SETTLEMENT**
**AND PROVIDING FOR NOTICE**

WHEREAS, an action is pending before this Court entitled *Michael Tecku, et al. v. Yieldstreet, Inc., et al.*, No. 1:20-CV-07327 (VM) (SDA) (S.D.N.Y.) (the "Action");

WHEREAS, Plaintiff having made an unopposed application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Action, in accordance with the Stipulation and Agreement of Settlement dated October 25, 2024 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein, and for an order approving notice; and the Court having read and considered the Stipulation and the Exhibits annexed thereto;

WHEREAS, the Parties having consented to the entry of this Order;

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as

1

set forth in the Stipulation;

WHEREAS, the Court preliminarily finds that:

(a)    the Settlement resulted from informed, extensive arm's-length negotiations between experienced counsel following mediation under the direction of an experienced mediator;

(b)    the proposed Settlement eliminates risks to the Parties of continued litigation;

(c)    the Settlement does not provide undue preferential treatment to Plaintiffs or to segments of the Settlement Class;

(d)    the Settlement appears to fall within the range of possible approval and is therefore sufficiently fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.    The Court GRANTS the Motion for Preliminary Approval and Approval of the Notices to the Settlement Class Members and preliminarily approves the Settlement set forth in the Stipulation, subject to further consideration at the final Settlement Hearing described below.

2.    On March 29, 2024, this Court certified the following class in this Action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, which is defined herein as the "Settlement Class": All persons who purchased a Borrower Payment Dependent Note ("BPDN") issued by YS ALTNOTES I in connection with the following offerings: (1) Vessel Deconstruction I; (2) Vessel Deconstruction Fund III; and (3) Louisiana Oil & Gas Fund, excluding Defendants, any entities in which Defendants have a controlling interest, Defendants' agents and employees, and any judge to whom this action is assigned and any member of such judge's staff and immediate family.

3.      On March 29, 2024, this Court also granted the motion of plaintiff Lawrence Tjok to be appointed as the class representative of the Settlement Class.

4.      On August 22, 2022, the District Court appointed Peiffer Wolf Carr Kane Conway & Wise, LLP and Sonn Law Group PA ("Settlement Class Counsel") as Co-Lead Settlement Class Counsel of the putative class, and pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certified Settlement Class Counsel on behalf of the Class.

5.      Federal Rule of Civil Procedure 23(e) sets out a two-stage approval process: (1) preliminary approval; and (2) a final approval fairness hearing.  Rule 23(e) requires court approval of a proposed class action settlement upon finding that the proposal "is fair, reasonable, and adequate." Fed. R. Civ. P.23(e)(2).  Preliminary approval is subject to a "likelihood standard". The Court assesses whether the parties have shown that "the court will likely be able to grant final approval and certify the class." *In rePayment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 330 F.R.D. 11, 28 n.21 (E.D.N.Y.2019).   In weighing preliminary approval, the Court considers:

> [T]he (1) adequacy of representation, (2) existence of arm's-length negotiations, (3) adequacy of relief, and (4) equitableness of treatment of class members. Fed. R. Civ. P. 23(e)(2). In addition to these four factors, courts in the Second Circuit also consider the nine factors established in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974),[1] which overlap with Rule 23(e)(2)(C)–(D). The *Grinnell* factors are: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. *See Grinnell*,            495            F.2d            at            463.

*Medina v. NYC Harlem Foods Inc.,* No. 21-CV-1321 (VSB), 2024 WL 230745, at *2 (S.D.N.Y. Jan. 22, 2024).  *See also Reyes v. Summit Health Mgmt., LLC*, No. 22-CV-9916 (VSB), 2024

WL 472841, at *2 (S.D.N.Y. Feb. 6, 2024) (footnotes omitted). *See also In re GSE Bonds Antitrust Litig.,* 414 F. Supp. 3d 686, 692 (S.D.N.Y. 2019) (applying Rule 23(e) and nine factors set out in *Grinnel*).

6. Upon review of the motion for preliminary approval, supporting exhibits and declarations, as well as the extensive record in this case, the Court finds that the proposed Settlement is likely to be approved pursuant to Fed.R.Civ.P. 23(e) and the factors set out in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974).

7. Upon review of the motion for preliminary approval, supporting exhibits and declarations, as well as the extensive record in this case, the Court finds that pursuant to Fed.R.Civ.P. 23(e): (1) Settlement Class Counsel adequately represents and has represented the Settlement Class based on their experience, diligence throughout an extensive 4-year litigation process to date, and extensive efforts in this case that has been shown both by the record and in the declaration of counsel concerning such efforts attached to the motion; (2) that the Settlement Agreement was the product of extensive arm's-length negotiations before an experienced and reputable mediator after multiple years of litigation (3) that the relief is adequate; and (4) that the settlement treats the Settlement Class Members equitably insofar as each class member receives the same *pro rata* share of the settlement.

8. The Court further finds that the unopposed motion, the declarations in support, as well as the record in this case show that the parties have demonstrated that the *Grinnel* factors have been satisfied based on:  (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement[1]; (3) the stage of the proceedings and the amount

---

[1] The Court notes *Grinnell* factor 2, "the reaction of the settlement class" is inapplicable prior to disseminating notice. *See In re Payment Card Interchange Fee &Merch. Disc. Antitrust Litig.*,986 F. Supp. 2d 207, 221(E.D.N.Y. 2013) (declining to address "the reaction of the class to the settlement"), rev'd & vacated on other grounds, 827 F.3d 223 (2d Cir. 2016).

of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. *See City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974).

9.    The Court finds the settlement is likely to be approved because it was: (i) the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; and (iii) has no obvious deficiencies; therefore warranting notice of the proposed Settlement to Settlement Class Members and further consideration of the Settlement at the Settlement Hearing described below.

10.    A hearing (the "Settlement Hearing") shall be held before this Court on _____, 2025, at ___ __.m. (a date that is at least 100 calendar days from entry of this Order), at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse 500 Pearl St. New York, NY 10007, to determine: (i) whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; (ii) whether a Final Judgment, as provided in ¶48 of the Stipulation, should be entered; (iii) whether the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved; (iv) the fees and expenses that should be approved for Plaintiffs' Counsel and the amount of 15 U.S.C. §78u-4(a)(4) awards to named plaintiffs; and (v) any such other matters as the Court may deem appropriate. The Court may adjourn the Settlement Hearing without further notice to the Settlement Class Members and retains jurisdiction to consider all further applications arising out

of or connected with the proposed Settlement. The Court may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

11.    The Court approves, as to form and content the Summary Notice of Proposed Settlement of Class Action (the "Summary Notice"), and more detailed notice ("Detailed Notice," and together with the Summary Notice, "Notice" or "Notices") annexed hereto as Exhibits 1 and 2, respectively, and finds that the individual and direct notice by both U.S. mail and email to all Members of the Settlement Class based on contact information supplied by each Settlement Class Member to Yieldstreet, substantially in the manner and form set forth in ¶14 of this Order, meet the requirements of Federal Rule of Civil Procedure 23, the Private Securities Action Reform Act of 1995, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

12.    Within three (3) business days after entry of the Preliminary Approval Order, Defendants' Counsel shall use reasonable efforts to provide to Settlement Class Counsel or the Claims Administrator, at no cost to Plaintiffs or the Settlement Class, a list in electronic format, containing the names, physical addresses and email addresses of Settlement Class Members.

13.    Other than the fees, costs, and expenses of providing notice pursuant to the Class Action Fairness Act, 28 U.S.C. §1715, which shall be paid by Defendants, all fees, costs, and expenses incurred in identifying and notifying potential Settlement Class Members shall be paid from the Gross Settlement Fund as set forth in the Stipulation, and in no event shall any of the Released Defendant Parties bear any responsibility for such fees, costs, or expenses.

14. The firm of Eisner Advisory Group, LLC ("EisnerAmper") is hereby appointed to supervise and administer the notice procedure as well as the processing of Claims as more fully set forth below:

(a) Not later than ten (10) business days after receiving the names, physical addresses and email addresses of Settlement Class Members as set forth in paragraph 12, the Claims Administrator shall cause a copy of the Summary Notice, substantially in the form annexed hereto, to be mailed by First-Class Mail to all potential Settlement Class Members who can be identified with reasonable effort, and the Claims Administrator shall also email the Summary Notice to the email addresses supplied by Defendants for each Settlement Class Member. For all e-mail and/or physical Summary Notices returned as undeliverable, the Claims Administrator shall use its best efforts to locate updated e-mail and/or physical addresses through calling such members with last known phone numbers supplied by, and on file with, Defendants, diligent search and use of reputable skip/tracing and location services, as well as using diligent efforts to locate through internet searches of social media and other internet sources used to identify and contact persons. The Court further Orders that the settlement website www.YSClassSettlement.com be established and available to all Settlement Class Members using log-in credentials provided in the Summary Notice no later than eight (8) business days after the date of this Order, with available for review and download the Detailed Notice (which will include relevant dates and instructions on how to be excluded or object, and the option to attend the final hearing), along with other relevant documents such as the Preliminary Approval Order and the Settlement Agreement. The Court further Orders that the website include the Motion and Memorandum in Support of Class Counsel's Application For Fees and Expenses, which the Court directs to be filed no later than

7

fourteen (14) days prior to the deadline for Settlement Class Members' objections and/or Requests for Exclusion.

        (b)      At least seven (7) calendar days prior to the Settlement Hearing, Settlement Class Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of the mailing and emailing of the Summary Notice.

15.     Settlement Class Members shall be bound by all determinations and judgments in the Action including, but not limited to, those concerning the Settlement, the releases provided for therein, whether favorable or unfavorable to the Settlement Class, whether or not such Settlement Class Members receive actual notice, or seek or obtain by any means any distribution from the Net Settlement Fund.

16.     Settlement Class Members who wish to participate in the Settlement need not submit a claim or otherwise respond to the Summary Notice.

17.     Any Settlement Class Member may enter an appearance in the Action, at the Settlement Class Member's own expense, individually or through counsel of the Settlement Class Member's own choice. Any Settlement Class Member who does not enter an appearance will be represented by Settlement Class Counsel.

18.     Any Settlement Class Member who wishes to exclude himself, herself, itself, or themselves from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice. Any such Person must submit to the Claims Administrator a signed request for exclusion ("Request for Exclusion") such that it is postmarked no later than _____, 2025 (a date that is twenty-one (21) calendar days prior to the Settlement Hearing). A Request for Exclusion must provide: (i) the name, address, and telephone number of the Person requesting exclusion; (ii) a list identifying the YS Class Fund securities acquired and held by such

Person, and the amount paid for each such acquisition; and (iii) a statement that the Person wishes to be excluded from the Settlement Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph and the Notice shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement or any Final Judgment. Unless otherwise ordered by the Court, any Person who purchased or acquired YS Class Fund securities who fails to timely request exclusion from the Settlement Class in compliance with each of the provisions in this paragraph shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class, and shall be barred from requesting exclusion from the Settlement Class.

19.    Settlement Class Counsel or the Claims Administrator shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion, promptly upon receipt and as expeditiously as possible, but in no event later than three (3) calendar days from their receipt thereof, and in any event, no later than fourteen (14) calendar days before the Settlement Hearing.

20.    Any Settlement Class Member who or which does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement and show cause why the proposed Settlement of the Action should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Settlement should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to Plaintiffs' Counsel or Plaintiffs, provided, however, that no Settlement Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has delivered by hand or sent by First-Class Mail written objections and copies of any papers and briefs such that they are received, not simply postmarked, on or before _____, 2025 (a date that is twenty-one (21) calendar days prior to the Settlement Hearing), by Jonathan Shapiro, Goodwin Procter LLP,

Three Embarcadero Center, 28th Floor, San Francisco, California, 94111, and Daniel Centner, Peiffer Wolf, 935 Gravier St., Suite 1600 New Orleans, Louisiana, 70112; and filed said objections, papers, and briefs with the Clerk of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse 500 Pearl St. New York, NY 10007, on or before _____, 2025 (a date that is twenty-one (21) calendar days prior to the Settlement Hearing). Any Settlement Class Member who does not make his, her, or its objection in the manner provided herein and in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Plaintiffs' Counsel, unless otherwise ordered by the Court. Attendance at the Settlement Hearing is not necessary. However, Persons wishing to be heard orally in support of or in opposition to the approval of the Settlement, the Plan of Allocation, and/or the award of attorneys' fees and expenses to Plaintiffs' Counsel or Plaintiffs are required to indicate in their written statement of support or objection, their intention to appear at the Settlement Hearing. Settlement Class Members do not need to appear at the Settlement Hearing or take any action if they do not oppose any aspect of the Settlement. Responses to any objections shall be filed and served by _____, 2025 (a date that is seven (7) calendar days prior to the Settlement Hearing).

21.     Any objections, filings, and other submissions by an objecting Settlement Class Member must: (i) state the name, address, and telephone number of the Person objecting and must be signed by the objector, even if the objector is represented by counsel; (ii) contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to

bring to the Court's attention and whether the objection applies only to the objector, the Settlement Class, or a specific subset of the Settlement Class; (iii) include documents sufficient to prove membership in the Settlement Class, including the objecting Settlement Class Member's acquisitions of YS Class Fund securities, including the dates of each such acquisition, and the amount paid for each such acquisition; and (iv) identify all class action settlements to which the objector or his, her, or its counsel have previously objected.

22.     Any Settlement Class Member who does not object to the Settlement, the Plan of Allocation, or the application for an award of attorneys' fees, costs, charges, and expenses in the manner prescribed herein and in the Notice shall be deemed to have waived such objection, and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed Settlement, this Order, the Final Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the application by Settlement Class Counsel for an award of attorneys' fees together with costs, charges, and expenses.

23.     All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

24.     The motions, supporting briefs and documents in support of the Settlement for the Settlement Hearing shall be filed and served by _____, 2024/2025, a date that is at least thirty-five (35) days prior to the Settlement Hearing.   The motion and supporting memorandum in support of Settlement Class Counsel's application for attorney fees and reimbursement of expense shall be filed no later than fourteen (14) days prior to the deadline for Settlement Class Members' objections, which motion and memorandum shall be made available on the Settlement Class website.

11

25.     Neither the Released Defendant Parties nor Defendants' Counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees, costs, expenses, or award submitted by Plaintiffs or Settlement Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any order or proceeding relating to any application for attorneys' fees, costs, expenses, or award, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Final Judgment and the Settlement of the Action.

26.     At or after the Settlement Hearing, the Court shall determine whether to grant judgment of final approval of the Settlement and the Settlement Class Counsels' application for attorneys' fees and expenses.

27.     All reasonable expenses incurred in identifying and notifying potential Settlement Class Members, as well as administering the Gross Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred and properly disbursed pursuant to ¶¶28-31 of the Stipulation.

28.     This Order and the Stipulation (including any of their respective terms or provisions), any of the negotiations, discussions, proceedings connected with them, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement or this Order, may not be construed as an admission or concession by the Released Defendant Parties of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind, and may not be offered or received in evidence (or used by any Person in the Action or in any other action or proceeding, whether civil, criminal, or administrative, in any court,

administrative agency, arbitration, or other tribunal), except in connection with any proceedings to enforce the terms of the Stipulation or this Order. The Released Defendant Parties, Plaintiffs, Settlement Class Members, and each of their counsel may file the Stipulation, this Order, and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

29.    If the Stipulation is not approved or consummated for any reason whatsoever, this Order shall be rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation. This Order, the Stipulation, the Settlement, and all proceedings had in connection therewith shall be without prejudice to the rights of the Parties *status quo ante* as of July 30, 2024.

30.    Unless otherwise ordered by the Court, all proceedings in the Action are stayed, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation or other agreement of the Parties. Pending final determination of whether the proposed Settlement should be approved, neither Plaintiffs nor any Settlement Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Defendant Parties, any action or proceeding in any court or tribunal asserting any of the Released Claims.

IT IS SO ORDERED.

DATED:_____         _____
                            THE HONORABLE JUDGE VICTOR MARRERO

**EXHIBIT 1 TO EXHIBIT A**

# Summary Notice

**To Be Sent to the Settlement Class Subject to the Approval of the District Court**

### SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

**TO:** **All Persons who purchased a Borrower Payment Dependent Note ("BPDN") issued by YS ALTNOTES I in connection with Yieldstreet's Vessel Deconstruction I (YS GM MarFin II LLC); Vessel Deconstruction III (YS GM MF VII LLC); and Louisiana Oil & Gas (YS ARNA OGFin I LLC), Funds (collectively, "YS Class Funds").**

**Why Am I Receiving This Notice?** Records reflect that you purchased an interest in one or more of the YS Class Funds defined above and that you may be entitled to a payment from a proposed settlement in a class action lawsuit pending in the United States District Court for the Southern District of New York, known as *Tecku, et al. v. Yieldstreet Inc., et al.,* No. 1:20-cv-7327 (VM) (SDA) (the "Action"). A copy of the proposed Stipulation and Agreement of Settlement ("Stipulation") is available for download at no cost at www.YSClassSettlement.com, with the password "SettlementInfo2024!". Capitalized terms that are not otherwise defined in this Summary Notice shall have the same meaning assigned in the Stipulation.

The Website also makes available for download at no cost a copy of a *Detailed Notice of (I) Pendency of Class Action and Proposed Settlement; (I) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses* ("Detailed Notice") that provides additional information about the proposed Settlement beyond that set forth below.

If the proposed Settlement is approved, members of the Settlement Class who do not exclude themselves from the Settlement will receive a distribution from the Net Settlement Fund pursuant to the approved Plan of Allocation. The Class Representative and Settlement Class Counsel will propose a plan that distributes the Net Settlement Fund to members of the Settlement Class on a *pro rata* basis based on the Net Loss as defined below they incurred as a result of their investment in the YS Class Funds on the date of the final approval of the Settlement by the Court.

You will be bound by any judgment rendered in the Action unless you request to be excluded, in the manner and form explained in the Detailed Notice referred to above.

A hearing will be held on _____, 2025 at _:_ _.m., before the Honorable Victor Marrero, United States District Judge (the "Court"), in person at the Daniel Patrick Moynihan United States Courthouse, Courtroom 15B, 500 Pearl Street, New York, NY 10007-1312 ("Settlement Hearing"), to determine whether the proposed settlement of the claims asserted against Defendants YieldStreet, Inc.; YieldStreet Management LLC; YS ALTNOTES I; YS ALTNOTES II, and Michael Weisz (collectively "Defendants"), for the sum of $6,200,000.00 in cash and an additional amount in future Forgiven Fees of up to $2,750,000.00, should be approved by the Court as fair, reasonable, and adequate.

Defendants deny all of the allegations and deny that they have committed any wrongdoing. The Court did not decide in favor of the Plaintiffs or the Defendants in the Action. Instead, counsel for the Class Representative ("Settlement Class Counsel") and the Defendants and their insurers, with the assistance of an experienced mediator, have negotiated a settlement that they believe is in the best interests of their respective clients and the Settlement Class. The terms of the proposed Settlement are set forth in the Stipulation.

**What Will Happen at the Hearing?** At the Settlement Hearing, the Court will determine whether the proposed Plan of Allocation of settlement proceeds is fair, reasonable, and adequate, and therefore should be approved. The Court will also consider Settlement Class Counsel's request for payment of reasonable attorneys' fees (not to exceed one-third of the Settlement Amount of $6,200,000.00) and reimbursement of litigation expenses (including costs to administer the Settlement), to be paid out of the Settlement Amount.

If the Settlement is approved, the Action and all claims asserted in the Action will be dismissed with prejudice. That dismissal will prevent Settlement Class Members from ever being part of any other lawsuit against the Defendants (and parties related to them) concerning the legal claims being resolved by and through this Settlement.

Following the Settlement, Settlement Class Members will retain all rights, claims or defenses arising after the Effective Date and created under any of the Offering Documents, including but not limited to any rights to principal, interest, and all other amounts payable in accordance with the terms of the Offering Document. (These claims are referred to "Excluded Matters" in the Stipulation, which confirms that rights created under any of the Offering Documents arising after the Effective Date are excluded from the releases to be granted by Settlement Class Members).

**How Do I Know If I Am Part of the Settlement?** The Settlement Class consists of all Persons who purchased a Borrower Payment Dependent Note ("BPDN")in connection with the YS Class Funds. If you meet these criteria, your rights may be affected by the Action and this Settlement.

The Settlement Class does not include the Defendants, any entities in which the Defendants have a controlling interest, Defendants' agents and employees, and any judge to whom this action is assigned and any member of such judge's staff and immediate family.

**What Does the Settlement Provide?** The Settlement provides for $6,200,000.00 in cash to be paid pursuant to the Stipulation. This amount is subject to deductions for any taxes, notice and administration costs, attorneys' fees, litigation expenses, incentive awards, and any other costs and fees as may be approved by the Court.

Additionally, Defendants have agreed to forego their rights to the Forgiven Fees, up to a maximum amount of $2,750,000.00, as additional consideration for the Settlement. In the event Defendants receive funds in the future that would otherwise be payable to Defendants under the Offering Documents and terms under which the YS Class Funds were offered and managed, in accordance with the definition of Forgiven Fees in the Stipulation, those amounts will instead be contributed toward the gross amounts to be paid YieldStreet's investors for distribution in accordance with the Offering Documents. The Forgiven Fees will not be paid into the Escrow Account or administered as part of this Settlement, and no portion of the Forgiven Fees will be paid to Settlement Class Counsel as payment for attorneys' fees, expenses, costs of administration or otherwise.

Settlement Class Members will receive payment from the remaining amount, *i.e.,* the Net Settlement Fund.  Individual Settlement Class Members' payment from the Settlement proceeds will be determined on a proportional or "*pro rata*" basis that calculates each Settlement Class Member's "Net Loss" as a percentage of all eligible Settlement Class Members' Net Losses. For purposes of this calculation, "Net Loss" means the total principal amount that an individual Settlement Class Member invested in YS Class Funds, <u>minus</u> any prior amounts received by that Settlement Class Member on account of his or her investment(s).

**How Do I Get a Payment?** The Court has appointed Eisner Advisory Group LLC ("EisnerAmper") as the Claims Administrator responsible for administering the Settlement.  After Final Approval of the settlement by the Court and shortly after the Effective Date of the Stipulation and Agreement of settlement, EisnerAmper will provide each Settlement Class Member with a Net Loss determination and their calculation of your *pro rata* share from the Net Settlement Fund.  If you agree with that calculation, then nothing further needs to be done to be eligible to receive

payment.  If you believe that the calculation of your Net Loss is incorrect, you will have the opportunity to contest that calculation by providing supporting documents.  EisnerAmper will use Net Loss amounts to calculate each Settlement Class Member's individual settlement payment as described in the prior paragraph.  If you have any question or concern whether EisnerAmper has your correct physical address to send you a check, you must provide EisnerAmper your correct physical address.

**What Are My Other Rights and Options?** You will be bound by any judgment rendered in the Action concerning the Settlement and/or Defendants (including the releases of all known and unknown claims provided in the Stipulation) unless you request to be excluded.

Unless you exclude yourself, you will remain in the Settlement Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against Defendants about the issues that have been asserted in the Action or that could have been asserted in the Action. All of the Court's orders will apply to you and legally bind you and you will release Defendants and related parties from the released claims, including any and all known and unknown claims and causes of action of every nature and description, whether arising under federal, state, statutory, regulatory, common, foreign, or other law, that arise in any way from or relate to the Action. If you do not want a payment from the Settlement, and you want to keep any right you may have to sue or continue to sue Defendants and related parties on your own about the legal claims released by the Settlement, you must exclude yourself from the Settlement.

If you wish to exclude yourself from the Settlement, you must submit a request for exclusion postmarked no later than _____, 2025, in accordance with the instructions set forth in the Detailed Notice. If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement. You will not be legally bound by anything

that happens in the Action, and you may be able to sue Defendants in the future concerning the claims asserted in the Action. If you want to bring your own lawsuit based on the matters alleged in the Action, you should consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred.

If you are a Settlement Class Member (and have not excluded yourself from the Settlement), you can object to the Settlement, the Plan of Allocation, or Settlement Class Counsel's request for an award of attorneys' fees, charges, and expenses in representing the Settlement Class. You may also ask the Court for permission to speak at the Settlement Hearing. Any objection to any aspect of the Settlement or any of the matters to be addressed at the Settlement Hearing must be filed with the Clerk of Court for the Southern District of New York and also delivered to Settlement Class Counsel and Defendants' Counsel no later than, _____, 2025, in accordance with the instructions set forth in the Notice.

**How Do I Get More Information?** A Detailed Notice and other relevant documents are available for review and download at www.YSClassSettlement.com. To access the website, your username is the email address associated with your Yieldstreet investment, and you must enter the following password: SettlementInfo2024! Alternatively, you can get this information by contacting the Claims Administrator by e-mail or in writing at:

YieldStreet Settlement Administrator
P.O. Box 3593
Baton Rouge, LA 70821

Email: Info@YSClassSettlement.com

Telephone: (844)623-2930.

You can also contact Settlement Class Counsel with inquiries:

**PEIFFER WOLF CARR KANE**          **SONN LAW GROUP PA**
**CONWAY & WISE, LLP**              Jeffrey R. Sonn, Esq.
  Daniel Centner, Esq.               Brian B. Pastor, Esq.
  Joseph Peiffer, Esq.               Telephone: (305) 912-3000
  Telephone: (504) 523-2434          jsonn@sonnlaw.com
  jpeiffer@peifferwolf.com           bpastor@sonnlaw.com
  dcentner@peifferwolf.com           service@sonnlaw.com


PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS
NOTICE.

DATED: _____          BY ORDER OF THE COURT
                               UNITED STATES DISTRICT COURT
                               FOR THE SOUTHERN DISTRICT OF
                               NEW YORK

**EXHIBIT 2 TO EXHIBIT A**

# Detailed Notice

**Subject to the Approval of the District Court**

**NOTICE OF (I) PENDENCY OF CLASS ACTION
AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND
(III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

TO:     **All Persons who purchased a Borrower Payment Dependent Note ("BPDN") issued by YS ALTNOTES I in connection with YieldStreet's Vessel Deconstruction I (YS GM MarFin II LLC); Vessel Deconstruction III (YS GM MF VII LLC); and Louisiana Oil & Gas (YS ARNA OGFin I LLC), Funds (collectively, "YS Class Funds").**

**A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.**

The purpose of this Notice is to inform you of: (i) the pendency of a class action in the United States District Court for the Southern District of New York known as *Tecku, et al. v. Yieldstreet Inc., et al.*, No. 1:20-cv-7327 (VM) (SDA) (the "Action"); (ii) the proposed settlement of claims against Defendants in the Action (the "Settlement," as defined below); and (iii) an upcoming hearing to be held by the Court to consider: (a) whether the Settlement and (b) Settlement Class Counsel's application for attorneys' fees and expenses, as well as a service award (not to exceed $5,000) to be awarded to the Class Representative, should be approved (the "Settlement Hearing"). You are receiving this Notice because records reflect that you are a member of the Settlement Class who would be entitled to receive payment under the terms of the Settlement. This Notice describes important rights you may have and what steps you must take if you wish to be excluded from the Settlement.

The proposed Settlement has been reached with Defendants YieldStreet, Inc.; YieldStreet Management LLC; YS ALTNOTES I; YS ALTNOTES II, and Michael Weisz (collectively "Defendants"). The Settlement resolves all claims in the Action.

**Terms of the Settlement:**  As set forth in greater detail below, the Settlement provides for $6,200,000.00 in cash to be paid pursuant to the Stipulation and Agreement of Settlement (the "Stipulation") entered into between Plaintiffs and Defendants on October 25, 2024. Additionally, Defendants have agreed to forego their rights to the Forgiven Fees, subject to future events and up to a maximum amount of $2,750,000.00, as additional consideration for the Settlement.

The net proceeds from the Settlement (after deduction of any fees and expenses, and payment of any service awards to the Class Representative, all as described in more detail herein) will be distributed to Settlement Class Members pursuant to the Plan of Allocation approved by the Court. See the answer to question 9 (page 5) for more information regarding the allocation of the proceeds from the Settlement.

**Settlement Class Definition:**  The Settlement Class is defined as all individuals and entities who purchased a Borrower Payment Dependent Note ("BPDN") in connection with the YS Class Funds, i.e. Vessel Deconstruction I (YS GM MarFin II LLC); Vessel Deconstruction III (YS GM MF VII LLC); and Louisiana Oil & Gas (YS ARNA OGFin I LLC), excluding Defendants, any entities in which Defendants have a controlling interest, Defendants' agents and employees, and any judge to whom this action is assigned and any member of such judge's staff and immediate family.

**Reason for Settlement:**  The Settlement provides guaranteed recovery for the Settlement Class on disputed claims against the Defendants.  In addition to the total cash settlement amount of $6,200,00.00, the Settlement avoids the costs, delay, and risks associated with continued litigation, including the danger of no recovery.  Continuing with the case against Defendants could result in loss at the summary judgment stage, trial, or on appeal. The parties vigorously disagree on both liability and the  amount of money that could be won if the Class Representative prevailed at trial. Defendants expressly deny all of the claims and allegations of wrongdoing or liability made against them arising out of any of the conduct alleged in the Action.

The Class Representative and Settlement Class Counsel  believe that this substantial benefit, payable after final approval of the Settlement by the Court, is preferable to the risks of continued litigation and the possibility of a smaller recovery, or no recovery, years into the future after a trial and any appeals.

**Attorneys' Fees and Expenses:**  Court-appointed Settlement Class Counsel will ask the Court for attorneys' fees up to 33% of the Settlement, and reimbursement of litigation expenses to be paid from the Settlement Fund.   Settlement Class Counsel have not received any payment for their work investigating the facts, prosecuting this Action, and negotiating the Settlement on behalf of the Class Representative and the Settlement Class.

**Deadlines:**

| Request Exclusion: | _____, 2024/5 |
|---|---|
| File Objection: | _____, 2024/5 |
| Settlement Hearing: | _____, 2025 |

**More Information:**

| Claims Administrator: | EisnerAmper<br><br>Physical Address:<br>YieldStreet Settlement Administrator<br>P.O. Box 3593<br>Baton Rouge, LA 70821<br><br>Phone Number: 844-623-2930<br>Email: info@YSClassSettlement.com |
|---|---|
| Settlement Class Counsel: | **Peiffer Wolf Carr Kane Conway & Wise, LLP**<br>Daniel B. Centner, Esq.<br>935 Gravier St., Suite 1600,<br>New Orleans, LA 70112<br>dcentner@peifferwolf.com<br><br>**SONN LAW GROUP, P.A.**<br>Jeffrey R. Sonn, Esq.<br>One Turnberry Place<br>19495 Biscayne Blvd., Suite 607<br>Aventura, FL 33180<br>jsonn@sonnlaw.com<br>service@sonnlaw.com |

**Your legal rights are affected whether you act or do not act.  Read this Notice carefully.**

**DO NOT CALL THE COURT WITH QUESTIONS ABOUT THE SETTLEMENT**

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| **DO NOTHING** | If you agree to the Settlement and wish to participate in the distribution of the proceeds from the Settlement, you do not need to do anything. |
| **EXCLUDE YOURSELF** | Get no payment.  This is the only option that allows you to pursue your own lawsuit against Defendants or the Released Defendant Parties for the legal claims in this Action or any other Released Claims. |
| **GO TO THE HEARING** | You may ask to speak in Court about the fairness of the Settlement or the request for attorneys' fees, charges, and expenses. |
| **OBJECT** | You may write to the Court if you do not like any aspect of the Settlement or the request for attorneys' fees, charges, and expenses.  If you exclude yourself, you cannot also object to the Settlement. |

- These rights and options, *and the deadlines to exercise them,* are explained in this Notice.

2

- The Court in charge of this case must decide whether to approve the Settlement.  Payments will be made if the Court approves the Settlement and after objections or appeals, if any, are resolved.  Please be patient.

## BASIC INFORMATION

| 1. | Why Did I Get This Notice Package? |
|---|---|

This Notice is given pursuant to an order of the United States District Court for the Southern District of New York (the "Court") because you may have invested in YS Class Fund(s) and suffered losses thereby.  The Court directed this Notice because a class action lawsuit has been filed that potentially impacts your rights. You have been identified as a member of the Settlement Class and have a right to know about the proposed Settlement and all of your options,  before the Court decides whether to approve the Settlement.

The United States District Court for the Southern District of New York is the Court in charge of the case, and the case is known as *Tecku, et. al. v. Yieldstreet Inc., et. al.*, No. 1:20-cv-7327 (VM) (SDA); (the "Action"). Lawerence Tjok (the "Class Representative") brought this case on behalf of himself and others similarly situated. The Class Representative and Defendants have entered into a proposed Settlement that, if approved, would resolve all claims. The Settlement is only effective if it is approved by the Court.

This package explains the lawsuit, the terms of the Settlement, your legal rights, what benefits are available, who is eligible for those benefits, and how to obtain them.  The purpose of this Notice is to inform you of this Action, how you might be affected, and how to exclude yourself from the Settlement if you wish to do so. It is also to inform potential members of the Settlement Class of a hearing to be held by the Court to consider the fairness and reasonableness of the Settlement and to consider Settlement Class Counsel's motion for attorneys' fees and for the reimbursement of litigation expenses and related issues (the "Settlement Hearing").

The Settlement Hearing will be held before the Honorable Victor Marrero on _____ 2024/5, in Courtroom __ of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, Courtroom 15B, 500 Pearl Street, New York, NY 10007-1312. At the Settlement Hearing, the Court will determine:

      (i)      whether the Settlement is fair, reasonable, and adequate, and should be finally approved by the Court;

      (ii)     whether the judgment provided for under the Settlement should be entered, dismissing the claims against Defendants, and whether the releases set forth in the Settlement should be ordered;

      (iii)    whether Settlement Class Counsel's motion for an award of reasonable attorneys' fees (not to exceed 33% of the gross settlement amount) and reimbursement of litigation expenses, as well as a reasonable service award for the Class Representative, should be approved.

| 2. | What Is This Lawsuit About, and What Has Happened in the Lawsuit So Far? |
|---|---|

This Notice does not express any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement, and after any objections or any appeals are resolved, the Claims Administrator appointed by the Court will make the payments that the Settlement allows.

On September 9, 2020, Plaintiffs filed this Action asserting claims and requesting relief for investor losses with respect to five YieldStreet "Vessel Deconstruction" offerings, and the Louisiana  Oil  & Gas offering.  Plaintiffs alleged that YieldStreet intentionally and negligently made multiple affirmative misrepresentations and omissions to investors that included: (i) prior to the offerings, no offering made by YieldStreet had suffered a principal loss; (ii) YieldStreet failed to disclose that its founder unilaterally made credit and underwriting decisions instead of the promised credit committee, (iii) that the credit committee disregarded warnings and advice of YieldStreet's own experts, and (iv) that the credit committee and YieldStreet had failed in performing due diligence of the borrowers, guarantors, and many aspects of the transaction itself.  The lawsuit alleges that, as a result of these misrepresentations and omissions, the Class Representative and other investors lost millions of dollars. Defendants expressly deny all of the claims and allegations of wrongdoing or liability made against them arising out of any of the conduct alleged in the Action.

| 3. | Why Is This Action a Class Action? |
|---|---|

In a class action, one or more people called class representatives (in this case the Class Representative identified above) sue on behalf of people who have similar claims. All of these people and/or entities together are called a "Class" or "Class Members." One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

| 4. | Why Is There a Settlement? |
|---|---|

The parties disagree about numerous issues in this Action, including among other things: (1) whether any of the statements at issue were false or misleading; (2) whether plaintiffs can establish causation and reliance on the statements at issue; (3) whether sufficient due diligence was conducted by YieldStreet and the subject matter experts that YieldStreet engaged to originate the loans at issue; and (4) whether YieldStreet can be liable for losses caused by the fraud of third-party borrowers

The Court did not decide in favor of the Class Representative or Defendants. Instead, the lawyers for settling parties have negotiated a settlement that they believe is in the best interests of their respective clients. The Settlement allows the settling parties to avoid the risks and cost of lengthy and uncertain litigation and the uncertainty of a trial and appeals, and permits Settlement Class Members to be compensated without further delay.

Had the case proceeded, the Settlement Class faced numerous difficult and complex legal and factual issues that presented significant risks to the case. Had Defendants prevailed on any one of these issues, the Settlement Class may have received nothing.

In light of the risks of continued litigation with Defendants, the Class Representative and Settlement Class Counsel believe that the Settlement is fair, adequate, and reasonable, and in the best interest of all Settlement Class Members. The Class Representative and Settlement Class Counsel also believe that Settlement provides a substantial benefit, namely the payment of $6,200,000.00 before court-awarded attorneys' fees and reimbursement of costs, as compared to the risk that the claims would produce a similar, smaller, or no recovery after summary judgment, trial, and any appeals, possibly years in the future.

### WHO IS IN THE SETTLEMENT

To see if you will get money from the Settlement, you first have to determine if you are a Settlement Class Member.

| 5. | How Do I Know if I Am Part of the Settlement? |
|---|---|

The Settlement Class includes: All Persons who purchased a BPDN issued by YS ALTNOTES I in connection with the following YieldStreet offerings: Vessel Deconstruction I (YS GM MarFin II LLC); Vessel Deconstruction III (YS GM MF VII LLC); and Louisiana Oil & Gas (YS ARNA OGFin I LLC), (previously defined as "YS Class Funds").

| 6. | What Are the Exceptions to Being Included? |
|---|---|

You are not a Settlement Class Member if (1) you submit a valid and timely request for exclusion from the Settlement Class; or (2) you are a Defendant in this Action, any entity in which Defendants have a controlling interest, any employee or agent of a Defendant, any Judge to whom this action is assigned and/or any member of such Judge's staff and immediate family.

| 7. | I'm Still Not Sure if I Am Included. |
|---|---|

If you are still not sure whether you are included, you can ask for free help. You can email EisnerAmper, which is acting as Claims Administrator ("Claims Administrator"), at info@YSClassSettlement.com, or call EisnerAmper at 844-623-2930, or contact Settlement Class Counsel listed in the answer to Question 26 for more information.

### THE SETTLEMENT BENEFITS — WHAT YOU GET

| 8. | What Does the Settlement Provide? |
|---|---|

Defendants have agreed to pay $6,200,000.00 in cash pursuant to the Settlement. This payment, less all costs of administration of the Settlement, and reasonable attorneys' fees and litigation expenses awarded to Settlement Class Counsel, as well any reasonable service award made to the Class Representative, shall constitute the "Net Settlement Fund" available for distribution to Settlement Class Members pursuant to the distribution method discussed below.

Additionally, Defendants have agreed to forego their rights to the Forgiven Fees, up to a maximum amount of $2,750,000.00, as additional consideration for the Settlement. The Forgiven Fees are those unpaid and/or outstanding management or professional fees due and owing to Defendants (including any subsidiaries or affiliates thereof), to any YS Class Fund in accordance with Offering Documents, up to a maximum amount of $2,750,000.  The Forgiven Fees shall be allocated to each of the YS Class Funds on a pro rata basis, in the event Defendants receive funds in the future (e.g., upon successful collection from the guarantors in YieldStreet's Vessel Deconstruction I and/or Vessel Deconstruction III offerings) that would otherwise be payable to Defendants. The Forgiven Fees will not be paid into the Escrow Account or administered as part of this Settlement, and no portion of the Forgiven Fees will be paid to Settlement Class Counsel as payment for attorneys' fees, expenses, costs of administration or otherwise.

| 9. | How Will the Settlement Be Allocated? |
|---|---|

Settlement Class Members will receive payment from the Net Settlement Fund. Individual Settlement Class Members' payment from the Settlement proceeds will be determined on a proportional or "*pro rata*" basis that calculates each Settlement Class Member's "Net Loss" as a percentage of all eligible Settlement Class Members' Net Losses.  For purposes of this calculation, "Net Loss" means the total principal amount that an individual Settlement Class Member invested in YS Class Funds during the Class Period, minus any prior amounts received by that Settlement Class Member on account of his or her investment(s) as of the date of final approval of the Settlement by the Court.

EisnerAmper has been appointed by the Court to serve as the Claims Administrator in this Action.  The Claims Administrator will issue a check to each Settlement Class Member.

It is not possible to determine how much any individual Settlement Class Member may receive from the Settlement Fund at this time.  No person shall have any claim against the Class Representative, Settlement Class Counsel, Defendants, Claims Administrator, or other person designated by Settlement Class Counsel or Defendants and/or the other released parties and/or their counsel based on distributions made substantially in accordance with the Settlement or further orders of the Court.

**HOW YOU GET A PAYMENT**

| 10. | How Will I Get a Payment? |
|---|---|

The Court has appointed EisnerAmper as the Claims Administrator responsible for administering the Settlement.  After the Settlement Hearing, the Court's approval of the settlement, and the Effective Date of the Settlement has occurred (which includes the time for appeals to expire and, if any, actual appeals having concluded), EisnerAmper will provide each Settlement Class Member with an initial loss determination notice that calculates that Settlement Class Member's Net Loss as set forth in the prior paragraph.  If you agree with that calculation, then nothing further needs to be done to be eligible to receive payment. If you believe that the calculation on the initial loss determination notice is incorrect, you will have the opportunity to contest that calculation by providing supporting documents.

If the Court grants final approval of the Settlement, Settlement Class Members will receive a check in the mail from the Claims Administrator representing each Settlement Class Member's share of the Settlement Fund.

| 11. | When Will I Get My Payment? |
|---|---|

The Court will hold the Settlement Hearing on _____, 2025, to decide whether to approve the Settlement.  If the Court approves the Settlement, there may be appeals.  If there are appeals, it is always uncertain whether these appeals can be resolved favorably, and resolving them can take significant time to resolve.  Please be patient.  Anticipated payment dates for payment will be available after the Settlement Hearing and the Effective Date of the Stipulation and Agreement of Settlement has passed.

| 12. | What Am I Giving Up to Get a Payment or Stay in the Settlement Class? |
|---|---|

Unless you exclude yourself, you are staying in the Settlement Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants about the claims asserted in this Action or that could have been asserted in this Action.  It also means that all of the Court's orders will apply to you and legally bind you and you will release your Released Claims against the Released Defendant Parties as outlined below.

a. **Terms of the Settlement Releases**

The "Released Defendant Parties" mean any or all of Defendants and/or any or all of their related parties, including, without limitation, any and all of their current, past, present, or future parents, subsidiaries, affiliates, predecessors, successors, assigns, divisions, funds, joint ventures, and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, members, controlling shareholders, contractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, banks or investment bankers, commercial bankers, financial or investment advisors, consultants, advisors, underwriters, insurers, co-insurers, reinsurers in their capacities as such, as well as each of the Defendants' immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors, legatees, devisees, administrators, spouses, receivers and trustees, settlors, auditors, accountants, and assigns, as well as any trust of which any of the Defendants is the settlor or which is for the benefit of any of the Defendants and/or member(s) of his family, and any person, partnership, firm, trust, corporation, limited liability corporation, limited liability company, officer, director, or other individual or entity in which any of the Defendants has a controlling interest or which is related to or affiliated with any of the Defendants.

The "Releasing Class Members" means the Class Representative, the Settlement Class, and Settlement Class Counsel, and each of their respective past or present trustees, beneficiaries of trusts, executors, administrators, officers, directors, partners, members, employees, contractors, auditors, accountants, advisors (including financial advisors or consultants), principals, agents, attorneys, associates, predecessors, successors, assigns, representatives, affiliates, joint ventures, funds, shareholders, underwriters, insurers, personal or legal representatives, estates, financial advisors or consultants, banks or investment bankers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Releasing Class Member who is an individual, as well as any trust of which any Releasing Class Member is the settlor or which is for the benefit of any of their immediate family members in their capacities as such. Releasing Class Members do not include any Person who would otherwise be a Settlement Class Member but who validly and timely requests exclusion from the Settlement Class.

The "Released Claims" means, to the fullest extent that the law permits their release, all past, present, and future claims of any nature whatsoever in any way relating to the Action or the YS Class Funds, including without limitation all claims, suits, actions, allegations, damages (including, without limitation, compensatory, punitive, exemplary, rescissory, direct, consequential or special damages, and restitution and disgorgement), liabilities, causes of action, complaints, lawsuits, responsibilities, demands, controversies, arguments, principal, interest, sums of money, contracts, agreements, judgments, matters, issues, promises, rights, debts, penalties, costs, expenses, fees, injunctive relief, attorney's fees, expert or consulting fees, prejudgment interest, indemnities, duties, liabilities, losses, and obligations of any kind, known or unknown, foreseen or unforeseen, whether or not concealed or hidden, disclosed or undisclosed, suspected or unsuspected, discoverable or undiscoverable, asserted or unasserted, existing or contingent, direct or indirect, anticipated or unanticipated, matured or unmatured, liquidated or unliquidated, accrued or unaccrued, asserted or that could have been asserted by, or on behalf of, for the benefit of, or in the name of the Settlement Class Members, whether representative, class, or individual, whether legal, contractual, rescissory, statutory, or equitable in nature, whether arising under federal, state, common or foreign law, that now exist or have ever existed from the beginning of time until the Effective Date of the Settlement against the Released Defendant Parties, or any of them, that are based upon, arise out of, or are related in any way to (1) investments made in the YS Class Funds; (2) any action, inaction, or omission related in any way to the YS Class Funds; or (3) the settlement or resolution of the Action, other than claims to enforce the Settlement. Provided, however, that Released Claims do not include Excluded Matters.

The "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, against the Class Representative, any Settlement Class Member, and/or Settlement Class Counsel that arise out of or relate in any way to the institution, prosecution, or settlement of the claims regarding the YS Class Funds against Defendants in the Action, other than claims to enforce the Settlement. Provided, however, that Released Defendants' Claims do not include Excluded Matters.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from the Settlement, and you want to keep any right you may have to sue or continue to sue Defendants and the released parties on your own for any released claims, then you must take steps to get out of the Settlement Class. This is called excluding yourself or is sometimes referred to as opting out of the Settlement Class.

| 13. | How Do I Get Out of the Settlement Class? |
|---|---|

To exclude yourself from the Settlement Class, you must mail to the Claims Administrator a written request for exclusion to

the address listed below, postmarked no later than sixty (60) days after the later date of: the date the Claims Administrator emails you with the Summary Notice of the Pendency and Proposed Settlement of Class Action (the "Notice"), or the date that the Summary Notice is postmarked upon being sent to you by physical mail.  To be effective, the request for exclusion must include: (a) the Settlement Class Member's full name and contact information (telephone number, email, and/or mailing address); (b) a clear and unequivocal statement that the Settlement Class Member wishes to be excluded from the Settlement Class; (c) an unequivocal reference by name of the Litigation, e.g., "*Tecku, et al. v. Yieldstreet Inc., et al.*, No. 1:20-cv-7327 (VM) (SDA)"; and (d) the Settlement Class Member's signature or the signature or affirmation of an individual authorized to act on the Settlement Class Member's behalf.

Requests for exclusion should be sent to:

YieldStreet Settlement Administrator
P.O. Box 3593
Baton Rouge, LA 70821

You cannot exclude yourself on the phone or by e-mail.  Your request must be in writing and signed by you or an individual authorized to act on your behalf.  If you ask to be excluded, you are not eligible to get any Settlement payment, and you cannot object to the Settlement.  By excluding yourself from the Settlement Class, you are also excluding yourself from any participation in the Action.  You will not be legally bound by anything that happens in the Action, and will not receive any benefit from the Action.

| 14. | If I Do Not Exclude Myself, Can I Sue Defendants for the Same Claim Later? |
|---|---|

No. Unless you exclude yourself, you give up any right to sue Defendants and the Released Defendant Parties for the Released Claims.  If you have a pending lawsuit against Defendants or the Released Defendant Parties, speak to your lawyer in that case immediately.

For avoidance of doubt, following the Settlement, Settlement Class Members will retain all rights, claims or defenses arising after the Effective Date and created under any of the Offering Documents, including but not limited to any rights to principal, interest, and all other amounts payable in accordance with the terms of the Offering Document. (These claims are referred to as "Excluded Matters" in the Stipulation).

| 15. | If I Exclude Myself, Can I Get Money from the Settlement? |
|---|---|

No.  If you exclude yourself, you will not be entitled to any recovery under the Settlement described here.  But, you may sue, continue to sue, or be part of a different lawsuit against Defendants or the Released Defendant Parties asserting a Released Claim.

## THE LAWYERS REPRESENTING YOU

| 16. | Do I Have a Lawyer in This Case? |
|---|---|

The Court appointed the law firms of Peiffer Wolf Carr Kane Conway & Wise, LLP and Sonn Law Group, P.A., as Settlement Class Counsel to represent you and other Settlement Class Members.  These lawyers will apply to the Court for payment from the Settlement Fund; you will not otherwise be charged for their work.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| 17. | How Will the Lawyers Be Paid? |
|---|---|

At the Settlement Hearing, Settlement Class Counsel will request the Court to award reasonable attorneys' fees up to 33% of the Settlement Fund, and for reimbursement of charges and expenses that were incurred in connection with the Action. If approved, this compensation will be paid from the Settlement Fund. Settlement  Class Members are not personally liable for any such fees or expenses.  To date, Settlement Class Counsel have not received any payment for their services in conducting this Action on behalf of the Class Representative and the Settlement Class, nor have counsel been paid for their charges or expenses.  The fees requested will compensate Settlement Class Counsel for their work in achieving the Settlement and will be within the range of fees awarded to class counsel under similar circumstances in other cases of this

type.  The Court may award less than these amounts.

| 18. | Can I Make an Appearance in this Action? |
|---|---|

Yes.  Any Settlement Class Member may make an appearance in this Action through their own counsel, at their own expense.

### OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or Settlement Class Counsel's request for an award of attorneys' fees, charges, and expenses.

| 19. | How Do I Tell the Court that I Do Not Agree with the Settlement or Settlement Class Counsel's Request for an Award of Attorneys' Fees and Expenses? |
|---|---|

If you are a Settlement Class Member (and have not excluded yourself from the Settlement Class), you can object to the Settlement or Settlement Class Counsel's request for an award of attorneys' fees, charges, and expenses in representing the Settlement Class. Any objection must be in writing and must include all grounds for the objection.  The Court will consider your views.  To object, you must send a letter saying that you object to the Settlement in *Tecku, et al. v. Yieldstreet Inc., et al.*, No. 1:20-cv-7327 (VM) (SDA); whether your objection(s) applies only to you, to a specific subset of the Settlement Class, or to the entire Settlement Class; and the reasons for your objection(s).  Be sure to include your name, address, telephone number, and your signature. Any objection must be mailed or delivered such that it is received by each of the following no later than _____, 2024/5.

| *Court*: | *Defendants' Counsel:* | *Settlement Class Counsel*: |
|---|---|---|
| Clerk of the Court UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK<br>    Daniel Patrick Moynihan United States Courthouse 500 Pearl Street, New York, NY 10007-1312 | Jonathan A. Shapiro **GOODWIN PROCTER LLP** Three Embarcadero Center, Suite 2800 San Francisco, CA  94111 JShapiro@goodwinlaw.com<br><br>Brendan F. Quigley **BAKER BOTTS LLP** 30 Rockefeller Plaza New York, New York  10112 Brendan.quigley@bakerbotts.com | **Peiffer Wolf Carr Kane Conway & Wise, LLP** Daniel Centner Joseph Peiffer 935 Gravier St., Suite 1600, New Orleans, LA 70112 dcentner@peifferwolf.com jpeiffer@peifferwolf.com<br><br>**Sonn Law Group, P.A.** Jeffrey R. Sonn, Esq. Brian B. Pastor, Esq. One Turnberry Place 19495 Biscayne Blvd., Suite 607 Aventura, FL 33180 jsonn@sonnlaw.com service@sonnlaw.com |

| 20. | What Is the Difference Between Objecting and Excluding? |
|---|---|

Objecting is simply telling the Court that you do not like something about the Settlement.  You can object only if you stay in the Settlement Class.  Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.  If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

### THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the Settlement.  You may attend and you may ask to speak, but you do not have to.

| 21. | When and Where Will the Court Decide Whether to Approve the Settlement? |
|---|---|

The Court will hold the Settlement Hearing at ____.m., on _____, 2025 in Courtroom __ of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, Courtroom 15B, 500 Pearl

Street, New York, NY 10007-1312. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Judge will listen to people who have asked to speak at the hearing.  The Court will also consider whether to approve Settlement Class Counsel's request for an award of attorneys' fees, charges, and expenses. The Court may decide these issues at the hearing or take them under consideration.

We do not know how long these decisions will take. The Court may adjourn or continue the Settlement Hearing without further notice to the Settlement Class.

| 22. | Do I Have to Come to the Hearing? |
|-----|-----------------------------------|

No. Settlement  Class Counsel will answer any questions that the Court may have, but you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as your written objection is received on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

| 23. | May I Speak at the Hearing? |
|-----|-----------------------------|

You may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must send a letter saying that it is your intention to appear in *Tecku, et al. v. Yieldstreet Inc., et al.*, No. 1:20-cv-7327 (VM) (SDA).  Be sure to include your name, address, telephone number, and signature.  Your notice of intention to appear must be received no later than _____, 2024/5, by the Clerk of the Court and Settlement Class Counsel.  You cannot speak at the Settlement Hearing if you exclude yourself from the Settlement Class because the Settlement no longer affects you.  You also cannot speak at the hearing if you have not provided written notice of your intention to speak at the Settlement Hearing, unless the Court orders otherwise.

**IF YOU DO NOTHING**

| 24. | What Happens If I Do Nothing at All? |
|-----|--------------------------------------|

You do not have to do anything to participate in the Settlement.  If the Court grants final approval of the Settlement, you will be bound by the Settlement (including the releases provided in the Settlement) and will receive a payment based on the distribution method discussed above.

**GETTING MORE INFORMATION**

| 25. | Are There More Details About the Settlement? |
|-----|----------------------------------------------|

This Notice summarizes the proposed Settlement but does not contain all the details included in the Settlement. You can get a copy of the Stipulation at www.YSClassSettlement.com.  To access the website, your username is the email address associated with your Yieldstreet investment, and you must enter the following password: "SettlementInfo2024!".  Alternatively, you can contact the Claims Administrator at the contact information provided below. You can also get a copy of the Stipulation from the Clerk's office at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312 during regular business hours.

| 26. | How Do I Get More Information? |
|-----|-------------------------------|

You can call the Claims Administrator at:

**YieldStreet Settlement Administrator**
P.O. Box 3593
Baton Rouge, LA 70821
Toll Free Phone: 844-623-2930.
Email: Info@YSClassSettlement.com

You can also contact Settlement Class Counsel at:

**Peiffer Wolf Carr Kane Conway & Wise, LLP**
Daniel Centner, Esq.
Joseph Peiffer, Esq.
935 Gravier St., Suite 1600

New Orleans, LA 70112
(504) 523-2434
dcentner@peifferwolf.com
jpeiffer@peifferwolf.com

**SONN LAW GROUP, P.A.**
Jeffrey R. Sonn, Esq.
Brian B. Pastor, Esq.
One Turnberry Place
19495 Biscayne Blvd., Suite 607
Aventura, FL 33180
(305) 912-3000
jsonn@sonnlaw.com
bpastor@sonnlaw.com
service@sonnlaw.com

*DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE*

DATED: _____, 2024

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**<u>EXHIBIT B</u>**

**Final Judgment and Order of Dismissal With Prejudice**

**EXHIBIT B**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL TECKU; DAVID FINKELSTEIN; AND LAWRENCE TJOK, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>YIELDSTREET, INC.; YIELDSTREET MANAGEMENT, LLC; YS ALTNOTES I, LLC; YS ALTNOTES II, LLC; AND MICHAEL WEISZ,<br><br>Defendants. | No.:  1:20-cv-07327 (VM) (SDA) |

**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

1

This matter came before the Court for final hearing on _____, 2025, a date set pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order") dated _____, 2024, on the application of the parties for approval of the Settlement set forth in the Stipulation and Agreement of Settlement dated October 25, 2024 (the "Stipulation").   Approved and adequate notice having been given to the Settlement Class as required in said Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein, and otherwise being fully informed, and for good cause shown, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.    **Incorporation of Settlement Documents:** This Final Judgment incorporates by reference the Stipulation as if fully set forth herein, including without limitation the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein

2.    **Definitions:**  The terms used in this Final Judgment shall have the definitions as set forth in the Stipulation, including the following definitions:

(a)    "**Action**" means the proposed class action filed September 9, 2020, captioned *Michael Tecku, et al. v. Yieldstreet, Inc.*, *et al.,* No. 1:20-CV-07327, was filed, as later amended, against Defendants Yieldstreet, Inc.; Yieldstreet Management, LLC; YS ALTNOTES I; YS ALTNOTES II, and Michael Weisz, in the United States District Court for the Southern District of New York.

(a)    "**Class Representative**"  means Lawrence Tjok, individually and on behalf of the Settlement Class.

(b)    "**Defendants**" means Yieldstreet, Inc.; Yieldstreet Management, LLC; YS ALTNOTES I; YS ALTNOTES II, and Michael Weisz.

2

(c) "**Effective Date**" or the date upon which the Settlement becomes "Effective," means the first date by which all of the following events and conditions shall have occurred or have been waived:

    i.  the District Court has entered the Preliminary Approval Order;

    ii.  the District Court has entered the Final Approval Order under FRCP Rule 23(e);

    iii.  the District Court has entered the Final Judgment under FRCP Rules 54 and 58;

    iv.  the Settlement Amount has been deposited into the Escrow Account; and

    v.  the appeals process for the Final Approval Order and Final Judgment is exhausted. The appeals process for the Final Approval Order and Final Judgment will be deemed exhausted within the meaning of this paragraph when the Final Approval Order and Final Judgment has been entered on the docket in the Action, and all of the following shall have occurred: (1) the time within which to appeal the Final Approval Order and Final Judgment has expired, 45 days has passed since the Court's entry of the Final Approval Order and Final Judgment, and no appeal has been filed or noticed; (2) if such an appeal has been filed or noticed, it has been finally resolved and has resulted in an affirmation of the Final Approval Order and Final Judgment and implementation of the Settlement in

accordance with all material terms set forth herein; and (3) if an appeal from the Final Approval Order or Final Judgment has been filed or noticed and, following the resolution of all appellate proceedings, the District Court has entered a further order or orders approving the Settlement in accordance with all material terms set forth in this Stipulation, and no further appeal has been taken from such order(s) and the time within which to file or notice any further appeal has expired.

(d)    "**Excluded Matters**" means all contractual rights, claims or defenses arising after the Effective Date and created under any of the Offering Documents, including but not limited to, any rights to principal, interest, and all other amounts payable in accordance with the terms of the Offering Documents. Excluded Matters shall also encompass those contractual or other rights of Settlement Class Members that relate to their ownership of Yieldstreet investments other than the YS Class Funds.

(e)    "**Net Settlement Fund**" means the balance of the Gross Settlement Fund available to be distributed to the Settlement Class after subtracting the dollar amounts paid or owing in connection with the Settlement, as set forth in the Stipulation, including amounts for the payment of: (1) any and all taxes due to state or governmental authorities as a result of the establishment and distribution of the Gross Settlement Fund; (2) any and all costs incurred in connection with any Notice and Administration Expenses, including all fees and costs paid or owing to the Claims Administrator; (3) any and all costs of maintaining the

4

Escrow Account, including all fees and costs paid or owing to the Escrow Agent; (4) any Fee and Expense Application(s) as approved by the District Court; and (5) any service award to the Class Representative.

(f)    "**Released Claims**" means, to the fullest extent that the law permits their release, all past, present, and future claims of any nature whatsoever in any way relating to the Action or the YS Class Funds, including without limitation all claims, suits, actions, allegations, damages (including, without limitation, compensatory, punitive, exemplary, rescissory, direct, consequential or special damages, and restitution and disgorgement), liabilities, causes of action, complaints, lawsuits, responsibilities, demands, controversies, arguments, principal, interest, sums of money, contracts, agreements, judgments, matters, issues, promises, rights, debts, penalties, costs, expenses, fees, injunctive relief, attorney's fees, expert or consulting fees, prejudgment interest, indemnities, duties, liabilities, losses, and obligations of any kind, known or unknown, foreseen or unforeseen, whether or not concealed or hidden, disclosed or undisclosed, suspected or unsuspected, discoverable or undiscoverable, asserted or unasserted, existing or contingent, direct or indirect, anticipated or unanticipated, matured or unmatured, liquidated or unliquidated, accrued or unaccrued, asserted or that could have been asserted by, or on behalf of, for the benefit of, or in the name of the Settlement Class Members, whether representative, class, or individual, whether legal, contractual, rescissory, statutory, or equitable in nature, whether arising under federal, state, common or foreign law, that now exist or have ever existed from the beginning of time

until the Effective Date of the Settlement against the Released Defendant Parties, or any of them, that are based upon, arise out of, or are related in any way to (1) investments made in the YS Class Funds; (2) any action, inaction, or omission related in any way to the YS Class Funds; or (3) the settlement or resolution of the Action, other than claims to enforce the Settlement. Provided, however, that Released Claims do not include Excluded Matters.

(g) "**Releasing Class Members**" means the Class Representative, the Settlement Class, and Settlement Class Counsel, and each of their respective past or present trustees, beneficiaries of trusts, executors, administrators, officers, directors, partners, members, employees, contractors, auditors, accountants, advisors (including financial advisors or consultants), principals, agents, attorneys, associates, predecessors, successors, assigns, representatives, affiliates, joint ventures, funds, shareholders, underwriters, insurers, personal or legal representatives, estates, financial advisors or consultants, banks or investment bankers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Releasing Class Member who is an individual, as well as any trust of which any Releasing Class Member is the settlor or which is for the benefit of any of their immediate family members in their capacities as such. Releasing Class Members do not include any Person who would otherwise be a Settlement Class Member but who validly and timely requests exclusion from the Settlement Class.

6

(h)  "**Released Defendant Parties**" means mean any or all of Defendants and/or any or all of their related parties, including, without limitation, any and all of their current, past, present, or future parents, subsidiaries, affiliates, predecessors, successors, assigns, divisions, funds, joint ventures, and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, members, controlling shareholders, contractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, banks or investment bankers, commercial bankers, financial or investment advisors, consultants, advisors, underwriters, insurers, co-insurers, reinsurers in their capacities as such, as well as each of the Defendants' immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors, legatees, devisees, administrators, spouses, receivers and trustees, settlors, auditors, accountants, and assigns, as well as any trust of which any of the Defendants is the settlor or which is for the benefit of any of the Defendants and/or member(s) of his family, and any person, partnership, firm, trust, corporation, limited liability corporation, limited liability company, officer, director, or other individual or entity in which any of the Defendants has a controlling interest or which is related to or affiliated with any of the Defendants.

(i)  "**Settlement**" means the settlement contemplated by the Stipulation.

(j)  "**Settlement Class**" means the class consisting of all Persons ("Settlement Class Members") who purchased a Borrower Payment Dependent Note ("BPDN") in connection with the YS Class Funds, excluding Defendants, any

entities in which Defendants have a controlling interest, Defendants' agents and employees, and any judge to whom this action is assigned and any member of such judge's staff and immediate family.

(k) "**Settlement Class Counsel**" or "Plaintiffs' Counsel" means Peiffer Wolf Carr Kane Conway & Wise, LLP and Sonn Law Group, PA.

(l) "**Stipulation**" means the Stipulation and Agreement of Settlement, dated as of October 25, 2024, made and entered into by and among Plaintiff Lawrence Tjok, individually and on behalf of the Settlement Class, on the one hand, and Yieldstreet, Inc.; Yieldstreet Management, LLC; YS ALTNOTES I; YS ALTNOTES II; and Michael Weisz, on the other hand, by and through their counsel of record in the Action.

(m) "**Unknown Claims**" means (a) any and all Released Claims which any of the Releasing Class Members do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to the Settlement or seek exclusion from the Settlement Class; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in their favor at the time of the release of the Class Representative, the Settlement Class, and Settlement Class Counsel, which, if known by Defendants might have affected their settlement and release of any of the foregoing. "Unknown Claims"

expressly includes any rights the parties may have under California Civil Code

§ 1542 (or any other similar law in any jurisdiction).

(n)  "**YS Class Funds**" means the offerings and investments referred to as

Vessel Deconstruction I (YS GM MarFin II LLC); Vessel Deconstruction III

(YS GM MF VII LLC); and Louisiana Oil & Gas (YS ARNA OGFin I LLC),

individually and/or collectively as appropriate in the Stipulation.

3.    **Jurisdiction:** This Court has jurisdiction over the subject matter of the Action and

over all parties to the Action, including all Settlement Class Members.

4.    **Class Certification**: On March 29, 2024, this Court certified the following class in

this Action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, which is

defined herein as the "Settlement Class":

All persons who purchased a Borrower Payment Dependent Note ("BPDN") issued by YS
ALTNOTES I in connection with the following offerings: (1) Vessel Deconstruction I; (2)
Vessel Deconstruction Fund III; and (3) Louisiana Oil & Gas Fund, excluding Defendants,
any entities in which Defendants have a controlling interest, Defendants' agents and
employees, and any judge to whom this action is assigned and any member of such judge's
staff and immediate family.

5.    **Appointment of Lead Plaintiff:** On March 29, 2024, this Court granted the motion

of plaintiff Lawrence Tjok, and appointed him as the class representative of the Settlement Class

("Lead Plaintiff").

6.    **Appointment of Lead Counsel:** On August 22, 2022, this Court appointed Peiffer

Wolf Carr Kane Conway & Wise, LLP and Sonn Law Group, PA ("Settlement Class Counsel") as

co-lead counsel of the putative class. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Settlement Class Counsel are certified as Settlement Class Counsel.

7.     **Approval of the Settlement:** Pursuant to Federal Rule of Civil Procedure 23, the Court approves the Settlement set forth in the Stipulation, and finds that:

(a)     said Stipulation and the Settlement contained therein are, in all respects, fair, reasonable, and adequate and in the best interest of the Settlement Class;

(b)     there was no collusion in connection with the Stipulation;

(c)     the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel, with the assistance of Jed D. Melnick, Esq., JAMS Mediator and Arbitrator; and

(d)     the record is sufficiently developed and complete to have enabled Plaintiffs and Defendants to have adequately evaluated and considered their positions.

8.     Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof.  Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Settlement Class, the Court hereby dismisses the Action and all claims asserted therein with prejudice.  The Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

9.     No Person shall have any claim against the Class Representative, Plaintiffs' Counsel, or the Claims Administrator, or any other Person designated by Settlement Class Counsel, based on determinations or distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further order(s) of the Court.

10.    **Releases:** Upon the Effective Date, and as provided in the Stipulation, Class Representative shall, and each of the Releasing Class Members shall be deemed to have, and by operation of this Final Judgment shall have, irrevocably and unconditionally, fully, finally, and forever waived, released, relinquished, discharged, and dismissed with prejudice each and every one of the Released Claims (including Unknown Claims) against each and every one of the Released Defendant Parties, whether or not such Settlement Class Member received actual notice or shares in the Net Settlement Fund. Claims to enforce the terms of the Stipulation or any order of the Court in the Action are not released. The liability of each Released Defendant Party as to any and all Released Claims is fully, finally, and completely extinguished for purposes of 15 U.S.C. §78u-4(f)(7)(A)(ii). This Final Judgment shall not operate to release or limit current or future claims against any of the following individuals and entities or their affiliates: Muhammad Tahir Lakhani, Muhammad Ali Lakhani, Muhammad Hasan Lakhani, Uneza Tahir Lakhani, Ayesha Lakhani, any transferees of the listed members of the Lakhani family, and related companies North Star Maritime Holdings Ltd, Dubai Trading Agency LLC, Dubai Navigation Corp.; North Star Group; North Star borrowers Gemini Marine Ltd., Gemini Marine (No. 1) Ltd., Gemini Marine (No. 2) Ltd., Gemini Marine (No. 3) Ltd., Gemini Marine (No. 4) Ltd., Gemini Marine (No. 5) Ltd., Gemini Marine (No. 6) Ltd., Gemini Marine (No. 7) Ltd., Gemini Marine (No. 8) Ltd., Gemini Marine (No. 10) Ltd., Gemini Marine (No. 12), Ltd., Gemini Marine (No. 13) Ltd., Gemini Marine (No. 14) Ltd., Aquarius Marine Ltd., North Star Marine Ltd.; Creststar Marine Ltd; Gulfstar Agencies Limited; Gulfstar SA; NSH General Trading LLC; Protec Ship Maintenance LLC (a.k.a DTA Ship Trading LLC); DTA Maritime Pte Ltd; Gulfstar SA; DNC Maritime Services LLC; West Star Private Shipping; Star Maritime Corporation (Delaware); Bin Suhail Trading One Person Company LLC; Five Star Scrap Selling LLC; Sea Radiating World

Shipping LLC; Adamantine Shipping Services LLC; Deep Sea Traverse Alpha Maritime LLC; Star Voyages Shipping Services; Continental Shipping Agencies LLC; Nautilus Ship Chandlers LLC; DTA Maritime LLC; DTA Maritime Services LLC; DNA Health Medical Center LLC; Deep Sea Traverse Alpha Maritime LLC; Delta Maritime Services (a.k.a Delta Marine Services); Rentoil SV One Ltd; Serene Velocity DMCC; Hospitality Business Secure LLC; Gulf Star Agencies Limited; Vista Maritime Travel Tourism LLC; GlaxoSmithKline Pakistan Limited; Ghandhara Tyre and Rubber Company Limited; Nishat Chunian Power Limited; Engro Fertilizers Ltd; Shabbir Tiles & Ceramics Limited; Gul Ahmed Textile Mills Limited; Amreli Steels Limited; Fatima Fertilizer Company Ltd; The Crescent Textile Mills Limited; Lalpir Power Limited; Engro Powergen Qadirpur Limited; Thatta Cement Company Limited; Engro Polymer and Chemicals Limited; Brushane LPG (Pakistan) Limited; Ecopack Limited; Matco Foods Limited; Muhammad Nasir Hussain Qadri;  Tariq Feroze; and Abdulrahman Ali and Abdulrahman Al Naqbi; Iqbal Mozawalla; Suryakant Pai; Mohammad Rokhan Khan Youssef Zai Patalj; Nicholas Dean; Eriv Rivera; Max Dean; Brian Nolan; Juma Bin Suhail Almheiri; Rohit Goyanka; Shohidul Ahad Choudhury; Naser Al Jafari; John Michael Omerod; Saeed Abdallah Al Marri; Alessandra Burke; Charlotte Mary O Brien; Four Wood Capital Partners; Four Wood Capital Advisors, LLC; Four Wood Capital Partners, LLC; Global Marine Transport Capital LLC; Steven Baffico; and Andrew Simmons; any successors or assignees of the entities named in this paragraph; any entities created or sponsored by or on behalf of any of the foregoing; and any and all those acting in concert with or on behalf of any of the foregoing.

11.    Upon the Effective Date, and as provided in the Stipulation, all Releasing Class Members and anyone claiming through or on behalf of any of them, will be forever and permanently barred and enjoined from filing, commencing, instituting, asserting, maintaining,

enforcing, prosecuting, intervening in, or continuing to prosecute any action or other proceeding in any forum (including, but not limited to, any foreign, federal, state or local court of law or equity, arbitration tribunal, or administrative forum), asserting any of the Released Claims against any of the Released Defendant Parties, regardless of whether such Settlement Class Member receives actual notice of the Settlement or shares in the Net Settlement Fund.

12.      Upon the Effective Date, and as provided in the Stipulation, each of the Released Defendant Parties shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims (including Unknown Claims) against Plaintiffs, the Settlement Class, and Plaintiffs' Counsel. Claims to enforce the terms of the Stipulation are not released.

13.      **Notice:**  In accordance with the Court's Preliminary Approval Order, the Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons and entities entitled to such notice. No Settlement Class Member is relieved from the terms and conditions of the Settlement, including the releases provided for in the Settlement Stipulation, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Thus, it is

hereby determined that all Settlement Class Members are bound by this Final Judgment and Order except those persons who opted out and are listed on an Exhibit to this Final Judgment and Order. The notice of the pendency and proposed Settlement of the Action given to the Settlement Class was the best notice practicable under the circumstances, including the individual and direct notice by both U.S. mail and email to all Members of the Settlement Class based on contact information supplied by each member of the Settlement Class to Yieldstreet.  Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.  No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.  A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon.  Thus, the Court hereby determines that all Settlement Class Members are bound by this Final Judgment.

14.     **Escrow Agent:** The Escrow Agent, EisnerAmper, shall maintain the Gross Settlement Fund in accordance with the requirements set forth in the Stipulation.  No Released Defendant Party shall have any role in, responsibility for, interest in, liability, or obligation whatsoever for the administration of the Settlement or disbursement of the Net Settlement Fund.

15.     **Plan of Allocation:** The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Lead Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms.  The Plan of Allocation submitted by Plaintiffs' Counsel

or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

16.     **No Admissions:** Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is, or may be deemed to be, or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or Released Defendant Parties, or (b) is, or shall be deemed to be, or shall be used as an admission of any fault or omission of any Released Defendant Party in any statement, release, or written documents issued, filed, or made, or (c) is, or may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or Released Defendant Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Defendants and/or their respective Released Defendant Parties may file the Stipulation and/or this Final Judgment from this Action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

17.     **Settlement Payment:** The Court finds that Defendants and have satisfied their financial obligations under the Stipulation by paying or causing to be paid $6,200,000 USD to the Gross Settlement Fund, in accordance with Paragraph 7 of the Stipulation; and agreeing to forego their rights to the Forgiven Fees, up to a maximum amount of $2,750,000, in accordance with Paragraph 17 of the Stipulation.

18.     **Retention of Jurisdiction:** Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the

Settlement as set forth in the Stipulation and any award or distribution of the Gross Settlement Fund, including interest earned thereon; (b) disposition of the Gross Settlement Fund; (c) hearing and determining applications for attorneys' fees, expenses, and interest in the Action; and (d) all parties herein for the purpose of construing, enforcing, and administering the Stipulation.

19.    **Rule 11 Findings:** The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

20.    **Termination of Settlement:** In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Gross Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Parties shall revert to their respective positions in the Action prior to July 31, 2024, as provided in the Stipulation.

21.    **Attorneys' Fees:** The Court addresses Settlement Class Counsels' application for fees and reimbursement of expenses herein as follows: Attorneys' Fees – Lead Counsel is awarded attorneys' fees in the amount of $_____ and expenses in the amount of $ _____, plus any applicable interest, such amounts to be paid out of the Settlement Fund immediately following entry of this Order.  Lead Counsel shall thereafter be solely responsible for allocating the attorneys' fees and expenses among other Lead Plaintiff's counsel in the manner in which Lead Counsel in good faith believe reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Action.

22.     **Lead Plaintiff Award:** Lead Plaintiff is awarded $_____, as a compensatory award for reasonable costs and expenses directly relating to the representation of the Settlement Class as provided in 15 U.S.C. § 78u-4(a)(4), such amounts to be paid from the Settlement Fund upon the Effective Date of the Settlement.

23.     **Modification of the Agreement of Settlement:** Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

24.     **Entry of Final Judgment:** There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action. .

IT IS SO ORDERED.

Dated:_____          _____
                                 THE HONORABLE VICTOR MARRERO
                                 UNITED STATES DISTRICT JUDGE