UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/21/2025
```

MICHAEL TECKU; DAVID FINKELSTEIN; )
and LAWRENCE TJOK; )
Individually and on behalf of )
all others similarly situated, )  Case No. 1:20-CV-07327 (VM)
)
)
           *Plaintiffs*, )
)
v. )
)
YIELDSTREET, INC.; YIELDSTREET )
MANAGEMENT, LLC; YS ALTNOTES I, LLC )
YS ALTNOTEES I, LLC; AND )
MICHAEL WEISZ. )
)
           *Defendants.* )

### [PROPOSED] ORDER ON CLASS COUNSEL'S MOTION FOR AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

The Motion for Award of Attorneys' Fees and Reimbursement of Expenses (hereafter, "Fee Application") filed by Peiffer Wolf Carr Kane Conway & Wise, LLP and Sonn Law Group P.A. (together, "Class Counsel") duly came before this Court for a hearing on February 21, 2025 at 1:00 p.m.

The Court has considered the Fee Application and all supporting and other related materials, including the matters presented at the February 21, 2025 hearing. Due and adequate notice having been given to the Class as required by the Court's Order Preliminarily Approving Settlement and Providing for Notice dated October 28, 2024 (*see* ECF No. 158, hereafter, "Preliminary Approval Order"), and the Court having considered all papers and proceedings held herein and otherwise being fully informed in the proceedings and good cause appearing therefore:

1

**NOW, THEREFORE, THE COURT FINDS, CONCLUDES, AND ORDERS AS FOLLOWS:**

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement and Release (the "Stipulation") dated October 25, 2024 (ECF No. 157-1), and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3. Notice of the Fee Application was directed to Class Members in a reasonable manner and complies with Rule 23(h)(1) of the Federal Rules of Civil Procedure, due process, and the Securities Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995.

4. Class Members have been given the opportunity to object to the Fee Application in compliance with Rule 23(h)(2) of the Federal Rules of Civil Procedure. The Court has considered all duly- and properly-filed objections to the Fee Application and hereby overrules them.

5. The Fee Application is hereby GRANTED.

6. Class Counsel is hereby awarded attorneys' fees in the amount of __33 1/3__ % of the $6,200,000 cash component of the Settlement Amount, representing an award of $__2,066,666.67__. Class Counsel is also awarded $__196,529.19__ in reimbursement for their litigation expenses. The Court finds these sums to be fair and reasonable. These fees and expenses shall be paid to Class Counsel from the Settlement Fund.

7. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

    a. the Settlement has created a fund of $6,200,000 in cash that will be paid into an escrow account for the benefit of the Class pursuant to the terms of the Stipulation, plus an additional amount of up to $2,750,000 in Forgiven Fees as provided for in the Stipulation;

    b. Class Members will benefit from the Settlement that occurred because of the efforts of Class Counsel;

    c. the fee percentage sought by Class Counsel and now awarded by the Court is within an acceptable range;

    d. the multiplier on Class Counsel's total lodestar of .69, is negative, and reasonable;

    e. the fee sought by Class Counsel has been reviewed and approved as fair and reasonable by the Court-appointed Lead Plaintiff;

    f. copies of the Court-approved Notices were actually delivered to 100% of Class Members and informed them that Class Counsel would apply for attorneys' fees in an amount not to exceed 33 and 1/3% of the $6,200,000 cash component of the Settlement Amount and reimbursement of litigation expenses; and

    g. any objections to the Fee Application that were duly-filed with the Court are without merit and hereby overruled.

8. The fees and expenses awarded to Class Counsel herein shall be payable following entry of this Order in accordance with the terms of Stipulation, including Paragraph 47 thereof,

and notwithstanding the existence of or pendency of any appeal or collateral attack on the Settlement or any part thereof or on this Order, subject to Class Counsel's obligation to repay all such amounts pursuant to Stipulation, including Paragraph 48 thereof, in the event the Effective Date of the Settlement does not occur.

9. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees or expenses application shall in no way disturb or affect the finality of the Order and Final Judgment entered with respect to the Settlement and Lead Plaintiff's Motion for Final Approval thereof.

10. Jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

11. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the terms of the Stipulation.

IT IS SO ORDERED

DATED: February 21, 2025

Hon. Victor Marrero
United States District Judge