UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/21/2025

MICHAEL TECKU; DAVID FINKELSTEIN; AND LAWRENCE TJOK, *individually and on behalf of all others similarly situated,*

Plaintiffs,

v.

YIELDSTREET, INC.; YIELDSTREET MANAGEMENT, LLC; YS ALTNOTES I, LLC; YS ALTNOTES II, LLC; AND MICHAEL WEISZ,

Defendants.

No.: 1:20-cv-07327 (VM) (SDA)

**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

1

This matter came before the Court for final hearing on February 21, 2025, a date set pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order") dated October 28, 2024, on the application of the parties for approval of the Settlement set forth in the Stipulation and Agreement of Settlement dated October 25, 2024 (the "Stipulation"). Approved and adequate notice having been given to the Settlement Class as required in said Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein, and otherwise being fully informed, and for good cause shown, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. **Incorporation of Settlement Documents:** This Final Judgment incorporates by reference the Stipulation as if fully set forth herein, including without limitation the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein

2. **Definitions:** The terms used in this Final Judgment shall have the definitions as set forth in the Stipulation, including the following definitions:

   (a) **"Action"** means the proposed class action filed September 9, 2020, captioned *Michael Tecku, et al. v. Yieldstreet, Inc., et al.*, No. 1:20-CV-07327, was filed, as later amended, against Defendants Yieldstreet, Inc.; Yieldstreet Management, LLC; YS ALTNOTES I; YS ALTNOTES II, and Michael Weisz, in the United States District Court for the Southern District of New York.

   (a) **"Class Representative"** means Lawrence Tjok, individually and on behalf of the Settlement Class.

   (b) **"Defendants"** means Yieldstreet, Inc.; Yieldstreet Management, LLC; YS ALTNOTES I; YS ALTNOTES II, and Michael Weisz.

2

(c) **"Effective Date"** or the date upon which the Settlement becomes "Effective," means the first date by which all of the following events and conditions shall have occurred or have been waived:

    i. the District Court has entered the Preliminary Approval Order;

    ii. the District Court has entered the Final Approval Order under FRCP Rule 23(e);

    iii. the District Court has entered the Final Judgment under FRCP Rules 54 and 58;

    iv. the Settlement Amount has been deposited into the Escrow Account; and

    v. the appeals process for the Final Approval Order and Final Judgment is exhausted. The appeals process for the Final Approval Order and Final Judgment will be deemed exhausted within the meaning of this paragraph when the Final Approval Order and Final Judgment has been entered on the docket in the Action, and all of the following shall have occurred: (1) the time within which to appeal the Final Approval Order and Final Judgment has expired, 45 days has passed since the Court's entry of the Final Approval Order and Final Judgment, and no appeal has been filed or noticed; (2) if such an appeal has been filed or noticed, it has been finally resolved and has resulted in an affirmation of the Final Approval Order and Final Judgment and implementation of the Settlement in

accordance with all material terms set forth herein; and (3) if an appeal from the Final Approval Order or Final Judgment has been filed or noticed and, following the resolution of all appellate proceedings, the District Court has entered a further order or orders approving the Settlement in accordance with all material terms set forth in this Stipulation, and no further appeal has been taken from such order(s) and the time within which to file or notice any further appeal has expired.

(d) **"Excluded Matters"** means all contractual rights, claims or defenses arising after the Effective Date and created under any of the Offering Documents, including but not limited to, any rights to principal, interest, and all other amounts payable in accordance with the terms of the Offering Documents. Excluded Matters shall also encompass those contractual or other rights of Settlement Class Members that relate to their ownership of Yieldstreet investments other than the YS Class Funds.

(e) **"Net Settlement Fund"** means the balance of the Gross Settlement Fund available to be distributed to the Settlement Class after subtracting the dollar amounts paid or owing in connection with the Settlement, as set forth in the Stipulation, including amounts for the payment of: (1) any and all taxes due to state or governmental authorities as a result of the establishment and distribution of the Gross Settlement Fund; (2) any and all costs incurred in connection with any Notice and Administration Expenses, including all fees and costs paid or owing to the Claims Administrator; (3) any and all costs of maintaining the

Escrow Account, including all fees and costs paid or owing to the Escrow Agent; (4) any Fee and Expense Application(s) as approved by the District Court; and (5) any service award to the Class Representative.

(f) **"Released Claims"** means, to the fullest extent that the law permits their release, all past, present, and future claims of any nature whatsoever in any way relating to the Action or the YS Class Funds, including without limitation all claims, suits, actions, allegations, damages (including, without limitation, compensatory, punitive, exemplary, rescissory, direct, consequential or special damages, and restitution and disgorgement), liabilities, causes of action, complaints, lawsuits, responsibilities, demands, controversies, arguments, principal, interest, sums of money, contracts, agreements, judgments, matters, issues, promises, rights, debts, penalties, costs, expenses, fees, injunctive relief, attorney's fees, expert or consulting fees, prejudgment interest, indemnities, duties, liabilities, losses, and obligations of any kind, known or unknown, foreseen or unforeseen, whether or not concealed or hidden, disclosed or undisclosed, suspected or unsuspected, discoverable or undiscoverable, asserted or unasserted, existing or contingent, direct or indirect, anticipated or unanticipated, matured or unmatured, liquidated or unliquidated, accrued or unaccrued, asserted or that could have been asserted by, or on behalf of, for the benefit of, or in the name of the Settlement Class Members, whether representative, class, or individual, whether legal, contractual, rescissory, statutory, or equitable in nature, whether arising under federal, state, common or foreign law, that now exist or have ever existed from the beginning of time

until the Effective Date of the Settlement against the Released Defendant Parties, or any of them, that are based upon, arise out of, or are related in any way to (1) investments made in the YS Class Funds; (2) any action, inaction, or omission related in any way to the YS Class Funds; or (3) the settlement or resolution of the Action, other than claims to enforce the Settlement. Provided, however, that Released Claims do not include Excluded Matters.

(g) **"Releasing Class Members"** means the Class Representative, the Settlement Class, and Settlement Class Counsel, and each of their respective past or present trustees, beneficiaries of trusts, executors, administrators, officers, directors, partners, members, employees, contractors, auditors, accountants, advisors (including financial advisors or consultants), principals, agents, attorneys, associates, predecessors, successors, assigns, representatives, affiliates, joint ventures, funds, shareholders, underwriters, insurers, personal or legal representatives, estates, financial advisors or consultants, banks or investment bankers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Releasing Class Member who is an individual, as well as any trust of which any Releasing Class Member is the settlor or which is for the benefit of any of their immediate family members in their capacities as such. Releasing Class Members do not include any Person who would otherwise be a Settlement Class Member but who validly and timely requests exclusion from the Settlement Class.

(h) **"Released Defendant Parties"** means mean any or all of Defendants and/or any or all of their related parties, including, without limitation, any and all of their current, past, present, or future parents, subsidiaries, affiliates, predecessors, successors, assigns, divisions, funds, joint ventures, and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, members, controlling shareholders, contractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, banks or investment bankers, commercial bankers, financial or investment advisors, consultants, advisors, underwriters, insurers, co-insurers, reinsurers in their capacities as such, as well as each of the Defendants' immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors, legatees, devisees, administrators, spouses, receivers and trustees, settlors, auditors, accountants, and assigns, as well as any trust of which any of the Defendants is the settlor or which is for the benefit of any of the Defendants and/or member(s) of his family, and any person, partnership, firm, trust, corporation, limited liability corporation, limited liability company, officer, director, or other individual or entity in which any of the Defendants has a controlling interest or which is related to or affiliated with any of the Defendants.

(i) **"Settlement"** means the settlement contemplated by the Stipulation.

(j) **"Settlement Class"** means the class consisting of all Persons ("Settlement Class Members") who purchased a Borrower Payment Dependent Note ("BPDN") in connection with the YS Class Funds, excluding Defendants, any

entities in which Defendants have a controlling interest, Defendants' agents and employees, and any judge to whom this action is assigned and any member of such judge's staff and immediate family.

(k) **"Settlement Class Counsel"** or **"Plaintiffs' Counsel"** means Peiffer Wolf Carr Kane Conway & Wise, LLP and Sonn Law Group, PA.

(l) **"Stipulation"** means the Stipulation and Agreement of Settlement, dated as of October 25, 2024, made and entered into by and among Plaintiff Lawrence Tjok, individually and on behalf of the Settlement Class, on the one hand, and Yieldstreet, Inc.; Yieldstreet Management, LLC; YS ALTNOTES I; YS ALTNOTES II; and Michael Weisz, on the other hand, by and through their counsel of record in the Action.

(m) **"Unknown Claims"** means (a) any and all Released Claims which any of the Releasing Class Members do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to the Settlement or seek exclusion from the Settlement Class; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in their favor at the time of the release of the Class Representative, the Settlement Class, and Settlement Class Counsel, which, if known by Defendants might have affected their settlement and release of any of the foregoing. "Unknown Claims"

8

expressly includes any rights the parties may have under California Civil Code § 1542 (or any other similar law in any jurisdiction).

(n) **"YS Class Funds"** means the offerings and investments referred to as Vessel Deconstruction I (YS GM MarFin II LLC); Vessel Deconstruction III (YS GM MF VII LLC); and Louisiana Oil & Gas (YS ARNA OGFin I LLC), individually and/or collectively as appropriate in the Stipulation.

3. **Jurisdiction:** This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

4. **Class Certification:** On March 29, 2024, this Court certified the following class in this Action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, which is defined herein as the "Settlement Class":

All persons who purchased a Borrower Payment Dependent Note ("BPDN") issued by YS ALTNOTES I in connection with the following offerings: (1) Vessel Deconstruction I; (2) Vessel Deconstruction Fund III; and (3) Louisiana Oil & Gas Fund, excluding Defendants, any entities in which Defendants have a controlling interest, Defendants' agents and employees, and any judge to whom this action is assigned and any member of such judge's staff and immediate family.

5. **Appointment of Lead Plaintiff:** On March 29, 2024, this Court granted the motion of plaintiff Lawrence Tjok, and appointed him as the class representative of the Settlement Class ("Lead Plaintiff").

6. **Appointment of Lead Counsel:** On August 22, 2022, this Court appointed Peiffer Wolf Carr Kane Conway & Wise, LLP and Sonn Law Group, PA ("Settlement Class Counsel") as

co-lead counsel of the putative class. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Settlement Class Counsel are certified as Settlement Class Counsel.

7. **Approval of the Settlement:** Pursuant to Federal Rule of Civil Procedure 23, the Court approves the Settlement set forth in the Stipulation, and finds that:

(a) said Stipulation and the Settlement contained therein are, in all respects, fair, reasonable, and adequate and in the best interest of the Settlement Class;

(b) there was no collusion in connection with the Stipulation;

(c) the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel, with the assistance of Jed D. Melnick, Esq., JAMS Mediator and Arbitrator; and

(d) the record is sufficiently developed and complete to have enabled Plaintiffs and Defendants to have adequately evaluated and considered their positions.

8. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Settlement Class, the Court hereby dismisses the Action and all claims asserted therein with prejudice. The Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

9. No Person shall have any claim against the Class Representative, Plaintiffs' Counsel, or the Claims Administrator, or any other Person designated by Settlement Class Counsel, based on determinations or distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further order(s) of the Court.

10. **Releases:** Upon the Effective Date, and as provided in the Stipulation, Class Representative shall, and each of the Releasing Class Members shall be deemed to have, and by operation of this Final Judgment shall have, irrevocably and unconditionally, fully, finally, and forever waived, released, relinquished, discharged, and dismissed with prejudice each and every one of the Released Claims (including Unknown Claims) against each and every one of the Released Defendant Parties, whether or not such Settlement Class Member received actual notice or shares in the Net Settlement Fund. Claims to enforce the terms of the Stipulation or any order of the Court in the Action are not released. The liability of each Released Defendant Party as to any and all Released Claims is fully, finally, and completely extinguished for purposes of 15 U.S.C. §78u-4(f)(7)(A)(ii). This Final Judgment shall not operate to release or limit current or future claims against any of the following individuals and entities or their affiliates: Muhammad Tahir Lakhani, Muhammad Ali Lakhani, Muhammad Hasan Lakhani, Uneza Tahir Lakhani, Ayesha Lakhani, any transferees of the listed members of the Lakhani family, and related companies North Star Maritime Holdings Ltd, Dubai Trading Agency LLC, Dubai Navigation Corp.; North Star Group; North Star borrowers Gemini Marine Ltd., Gemini Marine (No. 1) Ltd., Gemini Marine (No. 2) Ltd., Gemini Marine (No. 3) Ltd., Gemini Marine (No. 4) Ltd., Gemini Marine (No. 5) Ltd., Gemini Marine (No. 6) Ltd., Gemini Marine (No. 7) Ltd., Gemini Marine (No. 8) Ltd., Gemini Marine (No. 10) Ltd., Gemini Marine (No. 12), Ltd., Gemini Marine (No. 13) Ltd., Gemini Marine (No. 14) Ltd., Aquarius Marine Ltd., North Star Marine Ltd.; Creststar Marine Ltd; Gulfstar Agencies Limited; Gulfstar SA; NSH General Trading LLC; Protec Ship Maintenance LLC (a.k.a DTA Ship Trading LLC); DTA Maritime Pte Ltd; Gulfstar SA; DNC Maritime Services LLC; West Star Private Shipping; Star Maritime Corporation (Delaware); Bin Suhail Trading One Person Company LLC; Five Star Scrap Selling LLC; Sea Radiating World

Shipping LLC; Adamantine Shipping Services LLC; Deep Sea Traverse Alpha Maritime LLC; Star Voyages Shipping Services; Continental Shipping Agencies LLC; Nautilus Ship Chandlers LLC; DTA Maritime LLC; DTA Maritime Services LLC; DNA Health Medical Center LLC; Deep Sea Traverse Alpha Maritime LLC; Delta Maritime Services (a.k.a Delta Marine Services); Rentoil SV One Ltd; Serene Velocity DMCC; Hospitality Business Secure LLC; Gulf Star Agencies Limited; Vista Maritime Travel Tourism LLC; GlaxoSmithKline Pakistan Limited; Ghandhara Tyre and Rubber Company Limited; Nishat Chunian Power Limited; Engro Fertilizers Ltd; Shabbir Tiles & Ceramics Limited; Gul Ahmed Textile Mills Limited; Amreli Steels Limited; Fatima Fertilizer Company Ltd; The Crescent Textile Mills Limited; Lalpir Power Limited; Engro Powergen Qadirpur Limited; Thatta Cement Company Limited; Engro Polymer and Chemicals Limited; Brushane LPG (Pakistan) Limited; Ecopack Limited; Matco Foods Limited; Muhammad Nasir Hussain Qadri;  Tariq Feroze; and Abdulrahman Ali and Abdulrahman Al Naqbi; Iqbal Mozawalla; Suryakant Pai; Mohammad Rokhan Khan Youssef Zai Patalj; Nicholas Dean; Eriv Rivera; Max Dean; Brian Nolan; Juma Bin Suhail Almheiri; Rohit Goyanka; Shohidul Ahad Choudhury; Naser Al Jafari; John Michael Omerod; Saeed Abdallah Al Marri; Alessandra Burke; Charlotte Mary O Brien; Four Wood Capital Partners; Four Wood Capital Advisors, LLC; Four Wood Capital Partners, LLC; Global Marine Transport Capital LLC; Steven Baffico; and Andrew Simmons; any successors or assignees of the entities named in this paragraph; any entities created or sponsored by or on behalf of any of the foregoing; and any and all those acting in concert with or on behalf of any of the foregoing.

11.     Upon the Effective Date, and as provided in the Stipulation, all Releasing Class Members and anyone claiming through or on behalf of any of them, will be forever and permanently barred and enjoined from filing, commencing, instituting, asserting, maintaining,

enforcing, prosecuting, intervening in, or continuing to prosecute any action or other proceeding in any forum (including, but not limited to, any foreign, federal, state or local court of law or equity, arbitration tribunal, or administrative forum), asserting any of the Released Claims against any of the Released Defendant Parties, regardless of whether such Settlement Class Member receives actual notice of the Settlement or shares in the Net Settlement Fund.

12. Upon the Effective Date, and as provided in the Stipulation, each of the Released Defendant Parties shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims (including Unknown Claims) against Plaintiffs, the Settlement Class, and Plaintiffs' Counsel. Claims to enforce the terms of the Stipulation are not released.

13. **Notice:** In accordance with the Court's Preliminary Approval Order, the Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons and entities entitled to such notice. No Settlement Class Member is relieved from the terms and conditions of the Settlement, including the releases provided for in the Settlement Stipulation, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Thus, it is

hereby determined that all Settlement Class Members are bound by this Final Judgment and Order except those persons who opted out and are listed on an Exhibit to this Final Judgment and Order. The notice of the pendency and proposed Settlement of the Action given to the Settlement Class was the best notice practicable under the circumstances, including the individual and direct notice by both U.S. mail and email to all Members of the Settlement Class based on contact information supplied by each member of the Settlement Class to Yieldstreet. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process. No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. Thus, the Court hereby determines that all Settlement Class Members are bound by this Final Judgment.

14. **Escrow Agent:** The Escrow Agent, EisnerAmper, shall maintain the Gross Settlement Fund in accordance with the requirements set forth in the Stipulation. No Released Defendant Party shall have any role in, responsibility for, interest in, liability, or obligation whatsoever for the administration of the Settlement or disbursement of the Net Settlement Fund.

15. **Plan of Allocation:** The Court finds that the Plan of Allocation is fair, reasonable and adequate and APPROVES the Plan of Allocation. The Court hereby finds that the proposed Plan of Allocation provides a fair, reasonable and adequate method to allocate the Net Settlement Fund among Settlement Class Members, and Lead Counsel and the Claims Administrator are

directed to administer the Plan of Allocation in accordance with its terms. Any additional order concerning The Plan of Allocation or order entered regarding any attorneys' fee and expense application shall not disturb or affect this Final Judgment.

16. **No Admissions:** Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is, or may be deemed to be, or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or Released Defendant Parties, or (b) is, or shall be deemed to be, or shall be used as an admission of any fault or omission of any Released Defendant Party in any statement, release, or written documents issued, filed, or made, or (c) is, or may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or Released Defendant Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Defendants and/or their respective Released Defendant Parties may file the Stipulation and/or this Final Judgment from this Action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

17. **Settlement Payment:** The Court finds that Defendants and have satisfied their financial obligations under the Stipulation by paying or causing to be paid $6,200,000 USD to the Gross Settlement Fund, in accordance with Paragraph 7 of the Stipulation; and agreeing to forego their rights to the Forgiven Fees, up to a maximum amount of $2,750,000, in accordance with Paragraph 17 of the Stipulation.

18. **Retention of Jurisdiction:** Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement as set forth in the Stipulation and any award or distribution of the Gross Settlement Fund, including interest earned thereon; (b) disposition of the Gross Settlement Fund; (c) hearing and determining applications for attorneys' fees, expenses, and interest in the Action; and (d) all parties herein for the purpose of construing, enforcing, and administering the Stipulation.

19. **Rule 11 Findings:** The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

20. **Termination of Settlement:** In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Gross Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Parties shall revert to their respective positions in the Action prior to July 31, 2024, as provided in the Stipulation.

21. **Attorneys' Fees:** The Court addresses Settlement Class Counsels' application for fees and reimbursement of expenses herein as follows: Attorneys' Fees – Lead Counsel is awarded attorneys' fees in the amount of $___2,066,666.67___ and expenses in the amount of $___196,529.19___, plus any applicable interest, such amounts to be paid out of the Settlement Fund immediately following entry of this Order. Lead Counsel shall thereafter be solely responsible for allocating the attorneys' fees and expenses among other Lead Plaintiff's

counsel in the manner in which Lead Counsel in good faith believe reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Action.

22.  **Modification of the Agreement of Settlement:** Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

23.  **Entry of Final Judgment:** There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action. .

IT IS SO ORDERED.

Dated: February 21, 2025

_____
THE HONORABLE VICTOR MARRERO
UNITED STATES DISTRICT JUDGE